## IN THE CIRCUIT COURT OF BALTIMORE CITY, MARYLAND

```
******************************************
AMADI NWOKOCHA                    *
9824 Matzon Road                  *
Baltimore, MD 21220               *
         Plaintiff                *
                                  *
V.                                *
                                  *
KALICO EXPORTS, INC.              *
7107 Commercial Avenue            *
Baltimore, MD 21237               *
                                  *       CASE NO.
CP SHIPS                          *
399 Hoes Lane                     *
Piscataway, NJ 08854              *
                                  *
HAPAG-LLOYD (America) Inc.        *
399 Hoes Lane                     *
Piscataway, NJ 08854              *
                                  *
HAPAG-LLOYD AG                    *
Ballindamm 25                     *
20095 Hamburg                     *
         Defendants               *
******************************************
```

### PLAINTIFF'S ORIGINAL COMPLAINT

Amadi Nwokocha, Plaintiff, by his attorneys, Rev. Uduak James Ubom, Esq. and Obinna Duruji, Esq. hereby sues the above named Defendants and others, hereinafter, Kalico, CP Ships, and Hapag- Lloyd (America) Inc, and Hapag-Lloyd AG respectively, and interchangeably Defendants for intentional misrepresentation, negligent misrepresentation, breach of contract, and detrimental reliance.

### PARTIES

1. Plaintiff is now and at all times relevant to this suit was a resident of Baltimore City, Maryland.

2. Kalico Exports, Inc., hereinafter, Kalico, is corporation which conducts shipping related business at 7107 Commercial Avenue, Baltimore, Maryland 21237.

3. CP Ships was a large Canadian container shipping company which was acquired by Hapag-Lloyd in 2005 and now re-branded Hapag-Lloyd Canada. At the time

of the shipping contract made basis of this suit, CP Ships had its principal place of business at 401 Jackson Street, Suite 3300, Tampa, Florida but carried on a regular shipping business in Baltimore City, Maryland.

4. Hapag-Lloyd (America) Inc., hereinafter Hapag-America and interchangeably, Hapag-Lloyd, is the agent for Hapag-Lloyd AG and conducts its shipping business at 6610 Tributary Street, Suite 310, Baltimore, Maryland 21224 and 1820 Lancaster Street, Suite 100, Baltimore, Maryland 21231.

5. Hapag-Lloyd AG, hereinafter, Hapag and interchangeably, Hapag-Lloyd, is a global shipping company that conducts business in Baltimore city, Maryland through its agent, Hapag-America. The acquisition of CP Ships in 2005 for US$2.0 billion in cash placed Hapag-Lloyd among the top five biggest shipping companies in the world.

6. This Court has jurisdiction over this matter under Md. Ann. Code, Cts. & Jud. Proc. § 6-201(b).

7. On or about October, 2005, Plaintiff met with Kalico's president, Mr. Ukegbu U. Kalu and the parties agreed for a sum certain $6,000.00 that Kalico would ship Container #CMUU4614892 and SEAL #6622370 for Plaintiff on board named vessel Atlantic Project V.006 via Oceane Marine Shipping, Inc. as carrier. Later, Kalico increased the contract fee to $6,800.00 payable in two installments of $2,000.00 deposit and prior to shipment and $4,800.00 balance after shipment but prior to release of the Bill of lading. Final payment receipt is incorporated herein by reference and attached as **P1**

8. The undisputed contents of the container were:

    a. 2000 Mitsubishi Truck VIN JA4MT31H3YPO35906,

    b. 2000 Toyota 4Runner VIN JT3HN86R6Y0300893,

    c. 2000 Toyota Camry, VIN 4T1BG22K8YU741320, and

    d. 180 pieces of household goods/personal effects.

9. On 12/02/05, Plaintiff paid Kalico the balance of $4,800.00 for shipping the container and was given a bill of lading #251094. Under the terms of the shipping contract, the container was supposed to arrive in Lagos, Nigeria on 12/12/05 but it did not.

10. On January 12, 2006, 30 days after the container was supposed to have arrived, CP SHIPS wrote to its valued customers, including plaintiffs, as follows: "This notice is to advise that a feeder vessel has been secured for your cargo, which was loaded onto the Atlantic Project V. 006 destined for Tin Can Island, Lagos, Nigeria. Originally cargo was to load the DANI 2805, but the vessel experienced damage to its cranes and remains in dry dock to date. We have been advised that the OPAL 106 is the next available vessel out of Tema. ETA into Tema on January 23rd and ETA into Tin Can Island, Lagos, Nigeria on January 25th. We apologize for any inconveniences the delay of securing appropriate feeder may have caused." The notice is incorporated herein by reference and attached as **P2**.

11. On or about February 2, 2006, the container arrived in Tin Can Island, Lagos, Nigeria without the original seal. Instead, it was locked with a pad lock. Nigerian Customs and Ports authority inspected the container in presence of the shipper's local agent, Eleazar Bayode, and confirmed that the seal had been broken and that only three vehicles were inside and had been vandalized. All the 180 pieces of

household and personal effects had been stolen and the boxes were scattered over the container. On February 9, 2006, Mr. Bayode notified CP Ships via email about the broken seal and missing items and sought advice from Andrew Green on how to handle the situation. The email is incorporated herein by reference and attached as **P3.**

12. On May 3, 2006 and July 13, 2006 respectively, Plaintiff sent by fax and via certified mail return receipt requested, (CMRRR: 7004 2890 0004 2330 1146) to CP Ships at 401 East Jackson Street, Suite 3300, Tampa, Florida, 33602 to inform them of the lost items. Subsequently, Plaintiff discovered that Messrs Andrew Green and Kevin Arnold were no longer there and that CP Ships had been acquired by Hapag-Lloyd. Plaintiff's letters dated 5/3/06 and 7/13/06 are incorporated herein by reference and attached as **P4 & 5** respectively.

13. On August 28, 2006, Plaintiff sent notice of his claim to Susan Rechenbach, Hapag-Lloyd's Claims Manager via fax number 732 885 6141. On September 1, 2006, Rechenbach acknowledged receipt of Plaintiff's claim and stated in her reply that this matter is presently being investigated as to carrier's liability and "we shall revert promptly upon conclusion of these investigations". She also requested various documents and claim amount. Rechenbach's Claim acknowledgement is incorporated herein by reference and attached as **P6.**

14. On September 25, 2006, Plaintiff provided Rechenbach with all requested information at his disposal including invoices numbered 1-21 for lost items and the amount of claim, all of which are incorporated herein by reference and attached as **P7.**

15. On October 25, 2006, Plaintiff contacted Rechenbach to inquire on the status of his claim. Hapag denied receipt of Plaintiff's demand package. On 10/25/06, Plaintiff's counsel faxed Hapag the Certified Mail Receipt with which the package was sent to Rechenbach. Thereafter, Hapag admitted having received the package and promised to get back to Plaintiff. The US Postal Service Certified Mail Receipt is incorporated herein by reference and attached as **P8.**

16. On November 22, 2006, Arne Klockmann, another Hapag's Claims Manager, acting in the course and within the scope of his employment, wrote to Plaintiff and acknowledged Plaintiff's letter dated September 25, 2006 and stated, "We herewith confirm receipt of the documents which were sent to us with your letter regarding this matter. We are still investigating all circumstances of this matter and we will be in a position to comment on the cause of the occurred damage soon. We will come back to you as soon as we have finished our investigations". Klockmann's letter is incorporated herein by reference and attached as **P9**. Despite several telephone calls and emails to Hapag on the status of Plaintiff's claim and its repeated assurances that it was investigating the claim and would revert back to Plaintiff as soon as it completed its investigations, on March 1, 2007, Hapag wrote through yet another Claims Manager, Fabio Duarte, that the claim was time barred on February 10, 2007. Hapag's letter dated March 1, 2007, is incorporated herein by reference and attached as **P10.** Plaintiff construes said letter as a denial of his claim and now sues for intentional or negligent misrepresentations, breach of contract and detrimental reliance.

**COUNT I: INTENTIONAL MISREPRESENTATION**

17. Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 16 and incorporates same by reference as though they were fully set forth herein.

18. Defendants knew that the representations in the bill of lading were false when made or made the representations with reckless disregard for the truth of the matters stated. Defendants further knew that they were not investigating Plaintiff's claim but falsely and deceptively claimed and assured Plaintiff that they were doing so.

19. Defendants owed a duty to Plaintiff to disclose to him applicable laws and jurisdiction in the bill of lading for a shipping contract entered into in Baltimore, Maryland. Instead, Defendants willfully misled Plaintiff to believe that "any legal proceeding shall be within the exclusive jurisdiction of the Antwerp courts (Belgium) when in fact the shipping contract was entered into in Baltimore, Maryland and all the defendants did and still do business thereof.

20. Plaintiff acted in justifiable reliance that Defendants would disclose to him the true facts of the shipping agreement.

21. Plaintiff detrimentally relied on Defendants' verbal and written assurances that they were investigating his claim and would come back to him as soon as they had finished their investigations.

22. As a direct and proximate result of Defendants intentional misrepresentations, as to applicable laws and jurisdiction, and their assurances of investigating and reverting back to him, and Plaintiff's justifiable reliance thereto, Plaintiff has suffered and continues to suffer damages as follows: $79,644.75 for lost items, $16,000.00 for 20% return on his investment, $13,500.00 for loss of profit/use of

his vehicles for the first 90 days they were delayed, $13,500 for the second 90 days to effect repairs, and reasonable attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against the Defendants, jointly and severally, in the amount of $112,644.75 plus any additional damages that may be incurred between the date of filing of the Complaint and trial, prejudgment interest, costs of suit, reasonable attorney fees, punitive damages, and all other relief the Court deems appropriate in the interest of justice.

### COUNT II: NEGLIGENT MISREPRESENTATION

23. Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 22 and incorporates same by reference as though they were fully set forth herein.

24. Defendants knew that the representations in the bill of lading were false when made or made the representations with reckless disregard for the truth of the matters stated. Defendants further knew that they were not investigating Plaintiff's claim but falsely and deceptively claimed and assured Plaintiff that they were doing so.

25. Defendants owed a duty to Plaintiff to disclose to him applicable laws and jurisdiction in the bill of lading for a shipping contract entered into in Baltimore, Maryland. Instead, Defendants willfully misled Plaintiff to believe that "any legal proceeding shall be within the exclusive jurisdiction of the Antwerp courts (Belgium) when in fact the shipping contract was entered into in Baltimore, Maryland and all the defendants did and still do business thereof.

26. Plaintiff acted in justifiable reliance that Defendants would disclose to him the true facts of the shipping agreement.

27. Plaintiff detrimentally relied on Defendants' verbal and written assurances that they were investigating his claim and would come back to him as soon as they had finished their investigations.

28. As a direct and proximate result of Defendants negligent misrepresentations, as to applicable laws and jurisdiction, and their assurances of investigating and reverting back to him, and Plaintiff's justifiable reliance thereto, Plaintiff has suffered and continues to suffer damages as follows: $79,644.75 for lost items, $16,000.00 for 20% return on his investment, $13,500.00 for loss of profit/use of his vehicles for the first 90 days they were delayed, $13,500 for the second 90 days to effect repairs, and reasonable attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against the Defendants, jointly and severally, in the amount of $112,644.75 plus any additional damages that may be incurred between the date of filing of the Complaint and trial, prejudgment interests, costs of suit, reasonable attorney fees, punitive damages, and all other relief the Court deems appropriate in the interest of justice.

### COUNT III: BREACH OF CONTRACT

29. Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 28 and incorporates same by reference as though they were fully set forth herein.

30. Plaintiff and Defendant Kalico entered into a binding contract, the material terms of which were that Plaintiff's container would arrive in Lagos, Nigeria on December 12, 2005 and with all the contents. Plaintiff was the intended beneficiary of the shipping contract between Kalico and CP Ships, which was later acquired by Hapag. Defendants owed Plaintiff the duty of prompt delivery of

8

his container as agreed. Defendants breached that duty when they failed to deliver the container on 12/12/05 as agreed. Defendants delivered the container 6 weeks behind schedule. Even then, defendants breached their duty of safe guiding the container and delivering it with its contents in tact and with its original seal #6622370 in place. Instead, the container arrived with a broken seal, on pad lock with the vehicles vandalized and all the household goods/personal items lost.

31. As part of that contract, Defendants impliedly covenanted to act in good faith and to deal fairly with Plaintiff concerning the subject of the contract.

32. As a result of the acts alleged above, the Defendants breached not only the contract but also the implied covenant of good faith and fair dealing.

33. As a direct and proximate result of the breach of the contract and the implied covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer damages as stated above.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against the Defendants, jointly and severally, in the amount of $112,644.75, plus any additional damages that may be incurred between the date of filing of the Complaint and trial, prejudgment interest, costs of suit, reasonable attorney fees, and all other relief the Court deems appropriate in the interest of justice.

## COUNT IV: DETRIMENTAL RELIANCE

34. Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 33 and incorporates same by reference as though they were fully set forth herein.

35. Upon the discovery of the lost items Plaintiff promptly notified Defendants of the loss. Defendants through several Claims managers repeatedly promised and

9

assured Plaintiff that they were investigating the loss. On September 1, 2006, Defendant Hapag acknowledged Plaintiff's claims and promised thus, "we shall revert promptly upon conclusion of these investigations". On November 22, 2006, Hapag again acknowledged receipt of all the documents Plaintiff sent to prove his claim and promised thus, "we will come back to you as soon as we have finished our investigations".

36. Defendants reasonably expected its promises to induce Plaintiff to enter into the shipping contract. Upon the breach and consequent loss, Defendants expected its promises of prompt investigation and reversion to Plaintiff to induce Plaintiff to wait for the conclusion of the investigations and to be compensated for the loss since Plaintiff was without fault.

37. Plaintiff, in justifiable reliance upon the assurances and promises of the Defendant Hapag did wait and was waiting for the conclusion of the investigation of the loss.

38. As a direct and proximate result of the detrimental reliance, Plaintiff has suffered and continues to suffer damages as stated above.

39. It is a fundamental rule of equity that a party should not be permitted to profit from its own wrong doing. This basic principle underlies the equitable tolling doctrine itself. To allow Hapag to benefit from its unilateral one year limitation period defense contrary to the statute of limitation under Maryland law, and after it had intentionally misled Plaintiff with regard to applicable laws and jurisdiction and its investigations, thereby causing Plaintiff's delay in filing this suit, would be manifestly unjust. <u>Citiroof Corp. v. Tech Contracting Co</u>., 159 Md. App. 578, 589

860 A.2d 425, 432 (2004).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against the Defendants, jointly and severally, in the amount of $112,644.75 plus any additional damages that may be incurred between the date of filing of the Complaint and trial, prejudgment interest, costs of suit, reasonable attorney fees, punitive damages, and all other relief the Court deems appropriate in the interest of justice.

    Respectfully submitted,

    _____
    Rev. Uduak J. Ubom, Esq.
    Ubom Law Group, PLLC
    7600 Georgia Avenue, NW, Ste. 410
    Washington, DC 20012
    (202) 723-8900


    _____
    Hon Obinna Duruji, Esq.
    Duruji Law Firm, PC
    7600 Georgia Avenue, NW, Ste. 410
    Washington, DC 20012
    202 723 5789


## VERIFICATION

I, Amadi Nwokocha, hereby affirm under the penalties of perjury that I have read the foregoing Original Complaint and that the factual content thereof is true and correct to the best of my information, knowledge and belief.

    _____
    Amadi Nwokocha, Plaintiff/Date: _____


## CERTIFICATE OF SERVICE

I CERTIFY, that on 28th day of March, 2007, a copy of the foregoing document was served on Fabio Duarte, Claims Manager for Hapag-Lloyd by certified mailed, return receipt requested, at Hapag-Lloyd (America) Inc., 399 Hoes Lane, Piscataway, NJ 08854 and via email to him at Fabio.duarte@hlag.com, to Arne Klockmann, Claims

Manager for Hapag-Lloyd at arne.klockmann@hlcl.com and to Susan Rechenbach, Hapag-Lloyd's Claims Manager at Susanne.rechenbach@hlcl.com.

_____
Hon Obinna Duruji, Esq.