IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| Amadi Nwokocha, | * | |
| Plaintiff, | * | |
| | | Civil Action No.: |
| v. | * | 1:07-cv-00861-AMD |
| KALICO EXPORTS, INC, | * | |
| CP SHIPS, | * | |
| HAPAG-LLOYD (America) Inc., | * | |
| and | * | |
| HAPAG-LLOYD AG, | * | |
| Defendants | * | |

\*   \*   \*   \*   \*

**DEFENDANTS CP SHIPS, HAPAG-LLOYD (AMERICA) INC. AND HAPAG-LLOYD AG'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF VENUE**

**INTRODUCTION**

Defendants CP Ships, Hapag-Lloyd (America) Inc., and Hapag-Lloyd AG entered into a maritime contract with Plaintiff for a shipment of cargo to Nigeria. The contract expressly stated that exclusive venue for any action arising under the contract lies in the United States District Court for the Southern District of New York. As a result, this Court lacks venue, and this action should be dismissed under Fed. R. Civ. P. 12(b)(3).

1

In the alternative, Defendants respectfully request that this Court transfer this action pursuant to its authority in 28 U.S.C. § 1406(a) to the United States District Court for the Southern District of New York.

## FACTUAL BACKGROUND

For the purposes of this motion to dismiss, the relevant facts are not in dispute. This is a maritime contract action seeking damages related to a 2005 shipment of cargo from New York to Lagos, Nigeria on the M/V ATLANTIC PROJECT. (Complaint ¶s 7-9; Exhibit 1 (Bill of Lading) and Exhibit 2 (enlargement of relevant portions of Bill of Lading)). Plaintiff filed this lawsuit in the Circuit Court for Baltimore City against four parties, Kalico Exports, Inc. (who appears to be the freight forwarder), CP Ships, Hapag-Lloyd (America) Inc., and Hapag-Lloyd AG.

Three of the parties, CP Ships, Hapag-Lloyd (America) Inc., and Hapag-Lloyd AG are the Carrier and issuer of the Bill of Lading (hereinafter referred to collectively as "the Carrier" or "Defendants"). By way of explanation, Lykes Lines issued the Express Bill of Lading. At the time it issued the Bill of Lading, Lykes Lines was a division of CP Ships USA, LLC. CP Ships USA was subsequently purchased by Hapag-Lloyd AG. The other Defendant, Hapag-Lloyd (America) Inc., is a wholly owned United States subsidiary of Hapag-Lloyd AG.

The Bill of Lading (attached hereto as Exhibit 1) contained an unequivocal forum selection clause that precludes venue in this Jurisdiction. Specifically, paragraph 3(b) of the Bill of Lading states:

> Shipments to and from Ports of the U.S: Except as provided in the second sentence hereof, any claim shall be subject to the exclusive

>jurisdiction of the U.S. District Court for the Southern District of New York, which shall apply U.S. Law.  Notwithstanding the foregoing, at Carrier's sole option, any claim hereunder may be dealt with as set out in 3(a) above.

Exhibit 1 at 2.

Under the clear language of the Bill of Lading, therefore, the sole venue for any action arising from or related to this shipment is in the Southern District of New York, not this Court.  This action, therefore, must be either dismissed or transferred to the Southern District of New York.

## ARGUMENT

In Allen v. Lloyd's of London, 94 F.3d 923 (4th Cir. 1996), the Fourth Circuit made clear the state of the law with respect to contractual forum selection clauses.  To this end, the Court found that "[s]ince its seminal decision in The Bremen v. Zapata Off-Shore Co., 407 U.S 1, 32 L.Ed.2d 513, 92 S. Ct. 1907 (1972), the Supreme Court has consistently accorded choice of forum and choice of law provisions presumptive validity, rejecting the 'parochial concept' that 'notwithstanding solemn contracts . . . all disputes must be resolved under our laws and in our courts.'"  Allen, 94 F.3d at 928 (citations in original).

Additionally, since the Supreme Court's opinion in Vimar Seguros Y Rease Guros, S.A. v. M/V SKY REEFER, 515 U.S. 528 (1995) ("Sky Reefer"), United States courts have also upheld and enforced forum selection clauses contained in bills of lading.  Indeed, Sky Reefer and its progeny hold that bill of lading forum selection clauses bind not only the parties to the initial contract, but also any other party, like co-Defendant Kalico Imports here, that is so "closely related" to the dispute such that it becomes

"foreseeable" that it, too, would be bound by the clause.  See e.g. Hugel v. Corporation of Lloyds, 999 F.2d 206, 209 (7th Cir. 1993).

As discussed above, the forum selection clause in the bill of lading at issue here is unequivocal, stating that the United States District Court for the Southern District of New York "shall be the *exclusive* jurisdiction" relating to "any claim" arising out of carriage of goods. (Emphasis added).  Given the clear and unequivocal nature of the contract, Defendant respectfully submits that this action should be dismissed under Fed. R. Civ. P. 12(b)(3) for lack of venue or transferred to the Southern District of New York.

## Conclusion

For the foregoing reasons, Defendants CP Ships, Hapag-Lloyd (America) Inc., and Hapag-Lloyd AG respectfully submit that this action should be dismissed under Fed. R. Civ. P. 12(b)(3) for lack of venue.  In the alternative, Defendants respectfully request that this Court transfer venue pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Southern District of New York.

/s/   W. Charles Bailey, Jr.
W. Charles Bailey, Jr. (#23580)
J. Stephen Simms (#4269)
Donna Davis Ebaugh
SIMMS SHOWERS LLP
20 S. Charles Street
Suite 702
Baltimore, MD  21201
Telephone:    (410) 783-5795
Facsimile:    (410) 783-1368

Counsel for Defendants,
CP Ships, Hapag-Lloyd (America) Inc.
and Hapag-Lloyd AG