IN THE UNITED STATES DISTRICT COURT
FOR THE DIISTRICT OF MARYLAND
Northern Division

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AMADI NWOKOCHA        * | |
|     Plaintiff            * | |
|                         * | |
| V.                                 * | Civil Action No.: 1:07-CV-00861-AMD |
|                         * | |
| KALICO EXPORTS, INC., et al  * | |
|     Defendants         * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' CP SHIPS, HAPAG-LLOYD (AMERICA) INC. AND HAPAG-LLOYD AG'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

    Plaintiff asks the court to deny Defendants' CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG's motion to dismiss the suit for improper venue or, in the alternative, to transfer.

A. **Introduction**

    1.  Plaintiff and Defendants are named above.

    2.  Plaintiff sued Defendants on March 28, 2007 at the Circuit Court for Baltimore County for intentional misrepresentation, negligent misrepresentation, breach of contract and promissory estoppel/detrimental reliance.

    3.  On April 3, 2007, Defendants CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG filed a Petition for Removal to this Court Pursuant to 28 U.S.C. 1446 and 1337 along with Defendants' LR 103 Corporate Disclosure. In their said Petition for Removal, Defendants argued inter alia that "this Court has original jurisdiction pursuant to 28 U.S.C. 1337 in that the matter concerns a civil action or proceeding arising under an Act of Congress regulating commerce, including, the Harter Act, 46 U.S.C. 30706 and 49 U.S.C. 14706."

    4.  Defendants CP Ships and Hapag-Lloyd expected this Court to believe their averments and to grant their petition.

    5.  Plaintiff did not oppose Defendants' petition for removal.

    6.  On April 4, 2007, the Court removed the case as prayed by Defendants CP Ships and Hapag-Lloyd and notified Plaintiff.

7.  Since venue is proper in this Court, based on the pertinent law, and by Defendants' express acknowledgement, the Court should not dismiss or transfer venue in the interest of justice. Plaintiff prays the Court to blue pencil the offending venue clause, retain the case and adjudicate it on its merit in the interest of justice.

## B. **Argument**

8.  Venue is proper in this district because this Court has original jurisdiction under 28 U.S.C. 1337 in that the matter concerns a civil action arising under an Act of Congress regulating commerce, including, the Harter Act, 46 U.S.C. 30707 and 49 U.S.C. 14706. The amount in controversy exceeds $10,000, exclusive of interest and costs.

9.  The court should not dismiss this case or transfer it to New York because substantial part of Plaintiff's claim occurred in this district in that (1) the contract was entered into with Kalico Exports, Inc. in Baltimore, Maryland; (2) the payment for the shipment was made in Baltimore, Maryland; (3) the shipping agent, Kalico Exports, Inc. is a Maryland Corporation and has its principal place of business in Baltimore, Maryland, and (4) the container was loaded and taken from Baltimore, Maryland. See 28 U.S.C. §1391(a)(2); Uffner v. La Reunion Francaise, 244 F.3d 38, 42 (1st Cir. 2001); First of Mich. Corp. v. Bramlet, 141 F.3d 260, 263 (6th Cir. 1998).

10. As alleged by Defendants CP Ship and Hapag-Lloyd, the parties entered into a contract that purportedly contains an exclusive venue clause.  However, the court should disregard the venue clause and not dismiss or transfer this case to New York for the following reasons:

   a. The venue clause is permissive, not mandatory.  See McDonnell Douglas Corp. v. Islamic Republic of Iran, 758 F.2d 341, 346 (8th Cir. 1985).  If the venue clause was mandatory, Defendants CP Ships and Hapag-Lloyd would not have petitioned for removal to this Court. Defendants CP Ships and Hapag-Lloyd waived the venue clause when they knowingly and voluntarily petitioned for removal to this Court and filed their Corporate Disclosure pursuant to the Local Rule 103 of this Court.

   b. The inclusion of the exclusive venue clause in the contract resulted from fraud because Plaintiff did not see the contract/bill of lading until two months after he reached agreement for the shipment and paid the initial deposit of $2000. As detailed in the Complaint, Plaintiff entered into the contract in October 2005. Defendant Kalico Exports, Inc. did not give Plaintiff the bill of lading until Plaintiff paid the balance of the shipping cost. Thus, Plaintiff did not see the bill of lading until December 2, 2005 when he paid the balance of $4,800, two consecutive months after the contract was entered into. Even then, the **inconspicuous venue clause buried in fine print** in the adhesion contract was not discernable or readable. Therefore, Plaintiff did not have notice of the exclusive venue clause. Accordingly, Plaintiff did not consent to exclusive venue in New

      York and should not be bound by it under the totality of the circumstances of this case.

c. The exclusive venue clause in the take it or leave it contract resulted from Defendants' overwhelming and overreaching bargaining power which made the contract not only voidable but unconscionable.

d. A transfer to New York would contravene a strong public policy. <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 15, 92 S. Ct. 1907, 1916 (1972); In <u>Red Bull Assocs. v. Best Western Int'l, Inc.</u>, 862 F.2d 963, 966-67 (2d Cir. 1988), the Court refused to enforce forum-selection clause because of strong federal public policy of civil rights law. Further, under 46 U.S.C. app. 183c (a)(2), vessels carrying passengers between ports cannot enforce forum-selection clauses in contracts with passengers. In the same vein and with equal force, vessels carrying containers for customers from different parts of the United States cannot, should not and ought not to be allowed to enforce exclusive venue clauses because it is unfair, unconscionable and fraudulent to do so.

e. A transfer to New York would be fundamentally unfair because (1) Defendants selected the forum as a bad faith tactic to discourage the pursuit of legitimate claims by Plaintiff, and (2) Plaintiff did not have notice of the exclusive venue clause in the contract. <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 595, 111 S. Ct. 1522, 1528 (1991).

f. A transfer to New York would be a serious inconvenience to Plaintiff. Plaintiff resides in Baltimore, Maryland and works in the District of Columbia as a Senior Auditor. Therefore, a transfer of this case to New York would be so gravely difficult and inconvenient that Plaintiff would for all practical purposes be deprived of his day in court. <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 16-17, 92 S. Ct. 1907, 1916-17 (1972); <u>Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320, 325 (9th Cir. 1996).

11. Defendants waived their objection to venue when they petitioned for removal to this Court and not the United States District court for the Southern District of New York. Fed. R. Civ. P. 12(b)(3), 12(h)(1).

## C. **Conclusion**

12. Because Defendants have moved this case into this district, which is the proper venue under the law, the Court should deny Defendants' motion to dismiss or transfer but blue pencil the offending venue clause and retain the case on the Court's docket in the interest of justice.

Respectfully submitted,

/s/Obinna Duruji

_____

Obinna Duruji, Esq.
Duruji Law Firm, PC
7600 Georgia Avenue, NW, Ste. 217
Washington, DC 20012
Telephone:    (202) 722-0961
Facsimile:    (202) 722 0963

_____
Rev. Uduak J. Ubom, Esq.
Ubom Law Group, PLLC
7600 Georgia Avenue, NW, Ste. 410
Washington, DC 20012
Telephone:    202 723 8900
Facsimile:    202 723 5790
Attorneys for Plaintiff

Dated: August 2, 2007

## CERTIFICATE OF SERVICE

I, Hon Obinna Duruji, hereby certify that on 2nd day of August, 2007, a copy of the foregoing was served on the attorneys for the other parties who are registered ECF users by electronic means pursuant to Local Rule and by first class mail, postage prepaid to the attorneys who are not registered ECF users.

/s/ Obinna Duruji

_____

Obinna Duruji