IN THE UNITED STATES DISTRICT COURT
FOR THE DIISTRICT OF MARYLAND
Northern Division

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
AMADI NWOKOCHA                              \*
  Plaintiff                               \*
                                          \*
V.                                          \*Civil Action No.: 1:07-CV-00861-AMD
                                          \*
KALICO EXPORTS, INC., et al                 \*
  Defendants                              \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANTS' CP SHIPS, HAPAG-LLOYD (AMERICA) INC. AND HAPAG-LLOYD AG'S AMENDED MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

 Plaintiff asks the court to deny Defendants' CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG's motion to dismiss the suit for improper venue or, in the alternative, to transfer it to the Southern District of New York.

A.  **Introduction**

 1.  Plaintiff and Defendants are named above.

 2.  Plaintiff sued Defendants on March 28, 2007 at the Circuit Court for Baltimore County for intentional misrepresentation, negligent misrepresentation, breach of contract and promissory estoppel/detrimental reliance.

 3.  On April 3, 2007, Defendants CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG filed a Petition for Removal to this Court Pursuant to 28 U.S.C. 1446 and 1337 along with Defendants' LR 103 Corporate Disclosure. In their said Petition for

Removal, Defendants argued inter alia that "this Court has original jurisdiction pursuant to 28 U.S.C. 1337 in that the matter concerns a civil action or proceeding arising under an Act of Congress regulating commerce, including, the Harter Act, 46 U.S.C. 30706 and 49 U.S.C. 14706."

4. Defendants CP Ships and Hapag-Lloyd expected this Court to believe their averments and to grant their petition.

5. Plaintiff did not oppose Defendants' petition for removal.

6. On April 4, 2007, the Court removed the case as prayed by Defendants CP Ships and Hapag-Lloyd and notified Plaintiff.

7. Since venue is proper in this Court, based on the pertinent law, and by Defendants' own admission, the Court should not dismiss or transfer venue in the interest of justice. Plaintiff prays the Court to blue pencil the offending venue clause, retain the case and adjudicate it on its merit in the interest of justice because in addition to breach of contract, Plaintiff is also suing Defendants for intentional misrepresentation, negligent misrepresentation and promissory estoppel all of which sound in Maryland law and are better resolved by this Court rather than New York.

B. **Argument**

8. Venue is proper in this district because this Court has original jurisdiction of the breach of contract under 28 U.S.C. 1337 in that the matter concerns a civil action arising under an Act of Congress regulating commerce, including, the Harter Act, 46 U.S.C.

30707 and 49 U.S.C. 14706. The amount in controversy exceeds $10,000, exclusive of interest and costs.

9. The court should not dismiss this case or transfer it to New York because substantial part of Plaintiff's claims occurred in this district in that (1) the contract was entered into with Kalico Exports, Inc. in Baltimore, Maryland; (2) the payment for the shipment was made in Baltimore, Maryland; (3) Defendant Kalico Exports, Inc., the shipping agent, is a Maryland Corporation and has its principal place of business in Baltimore, Maryland, (4) the container was loaded and taken from Baltimore, Maryland, and Plaintiff's claims for intentional misrepresentation, negligent misrepresentation and promissory estoppel are based on Maryland law which are better resolved under this court's pendent jurisdiction than New York.  See 28 U.S.C. §1391(a)(2); <u>Uffner v. La Reunion Francaise</u>, 244 F.3d 38, 42 (1st Cir. 2001); <u>First of Mich. Corp. v. Bramlet</u>, 141 F.3d 260, 263 (6th Cir. 1998).

10. As alleged by Defendants CP Ship and Hapag-Lloyd, the parties entered into a contract that purportedly contains an exclusive venue clause in Baltimore, Maryland. However, the court should disregard the venue clause and not dismiss or transfer this case to New York for the following reasons:

    a. The venue clause is permissive, not mandatory. <u>See McDonnell Douglas Corp. v. Islamic Republic of Iran,</u> 758 F.2d 341, 346 (8th Cir. 1985).  If the venue clause was mandatory, Defendants CP Ships and Hapag-Lloyd would not have petitioned for removal to this Court. Defendants CP Ships and Hapag-Lloyd waived the venue clause when they knowingly and voluntarily

    petitioned for removal to this Court and filed their Corporate Disclosure pursuant to the Local Rule 103 of this Court.

b.   The inclusion of the exclusive venue clause in the contract resulted from fraud because Plaintiff did not see the contract/bill of lading until two months after he reached agreement for the shipment and paid the initial deposit of $2000. As detailed in the Complaint, Plaintiff entered into the contract in October 2005. Defendant Kalico Exports, Inc. did not give Plaintiff the bill of lading until Plaintiff paid the balance of the shipping cost. Thus, Plaintiff did not see the bill of lading until December 2, 2005 when he paid the balance of $4,800, two consecutive months after the contract was entered into. Even then, the **inconspicuous venue clause buried in fine print** in the adhesion contract was not discernable or readable. Therefore, Plaintiff did not have notice of the exclusive venue clause. Accordingly, Plaintiff did not consent to exclusive venue in New York and should not be bound by it under the totality of the circumstances of this case.

c.   The exclusive venue clause in the take it or leave it contract resulted from Defendants' overwhelming and overreaching bargaining power which made the contract not only voidable but unconscionable.

d.   A transfer to New York would contravene a strong public policy, 46 USC App. 183c, which, inter alia, prohibits a vessel owner from inserting in any contract a provision depriving a claimant of a trial "by court of competent

jurisdiction" for loss of life or personal injury from negligence. In <u>Carbon Black Export, Inc. v. The Monrosa,</u> 254 F.2d 297 (CA5 1958), the Court of Appeals held a forum-selection clause unenforceable, reiterating the traditional view of many American courts that "agreements in advance of controversy whose object is to oust the jurisdiction of the courts are contrary to public policy and will not be enforced." 254 F.2d, at 300-301.

In <u>Bremen v. Zapata Off-Shore Co</u>., 407 U.S. 1, 15, 92 S. Ct. 1907, 1916 (1972), *Zapata reviewed the contract, made several changes, but without any alteration in the forum-selection or exculpatory clauses and a Zapata vice president executed the contract and forwarded it to Unterwesser in Germany, where Unterwesser accepted the changes and the contract became effective.* The choice of forum was made in an arm's length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts. In remanding the case for reconsideration, the Court noted that the correct approach would have been to enforce the forum clause specifically unless Zapata could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. In the present case, the clause was secured by fraud in that apart from being buried in illegible print, the contract was concealed from Plaintiff such that he did not see it until two months after he entered into the contract by which time even if he had noticed the

inconspicuous fine print, he would not have been able to do anything about. In effect, and consistent with the holding in <u>Bremen,</u> supra, the forum clause should not control because the contract was procured by fraud and overreaching in that it lacked the mutuality of consent which is the soul and essence of every enforceable contract. Further, and as the <u>Bremen</u> Court held, the forum clause should not control because its enforcement would be unreasonable and unjust under the totality of the circumstances of this case. Pursuant to <u>Bremen</u>, therefore, forum selection may be avoided upon a showing that enforcement "would contravene a strong public policy of the forum." <u>Bremen</u>, 407 U.S. at 15, 92 S.Ct. at 1916.

In <u>Red Bull Assocs. v. Best Western Int'l, Inc</u>., 862 F.2d 963, 966-67 (2d Cir. 1988), the case presents the issue whether a contractual forum selection clause should prevail when the district court found that enforcing the clause **would hamper** more important imperatives of the forum in which suit was brought. The district court denied Best Western International Inc. motion to transfer pursuant to a forum selection clause and 28 USC 1404(a). In affirming the decision of the trial court, Appeals Court stated, "because we believe the decision to transfer a case where there is a contractual choice of forum provision and significant public policy concerns at issue is best left to the sound discretion of the trial judge, we affirm." Thus, even though <u>Red Bull</u> was not a maritime case, and therefore, outside the admiralty realm, its holding is consistent with historical judicial resistance to forum selection

clauses because of the potential for unreasonableness, unjustness, fraud and overreaching as is patently the case before this Court. Hence, the Red Bull Court refused to enforce forum-selection clause because of strong federal public policy of civil rights law.

Further, under 46 U.S.C. App. 183c (a)(2), vessels carrying passengers between ports cannot enforce forum-selection clauses in contracts with passengers. In the same vein and with equal force, vessels carrying containers for customers from different parts of the United States cannot, should not and ought not to be allowed to enforce exclusive venue clauses because it is unfair, unconscionable and fraudulent to do so.

e. A transfer to New York would be fundamentally unfair because (1) Defendants selected the forum as a bad faith tactic to discourage the pursuit of legitimate claims by Plaintiff, and (2) Plaintiff did not have notice of the exclusive venue clause in the contract and did not therefore consent to it. In Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 111 S. Ct. 1522, 1528 (1991), Carnival sent the tickets containing a forum clause to Shute. Shute had opportunity to examine the tickets before boarding and thereby accepted the terms and conditions of the Passage Contract Ticket. In the instant case, the contract was concealed from Plaintiff. Plaintiff did not see it and could not have consented to litigate a potential claim in New York.

f. A transfer to New York would be a serious inconvenience to Plaintiff. Plaintiff resides in Baltimore, Maryland and works in the District of

      Columbia as a Senior Auditor. Therefore, a transfer of this case to New York would be so gravely difficult and inconvenient that Plaintiff would for all practical purposes be deprived of his day in court. Under the principles espoused in <u>Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 16-17, 92 S. Ct. 1907, 1916-17 (1972), it would be unreasonable, unjust and overreaching to enforce the venue clause. See also <u>Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320, 325 (9th Cir. 1996).

g.   The case is not just about breach of contract. Defendants CP Ships and Hapag-Lloyd are not the only defendants in the case. The case involves other parties and claims of intentional misrepresentation, negligent misrepresentation and promissory estoppel all of which sound in Maryland law and are better resolved by this Court in the interest of justice.

11. Defendants waived their objection to venue when they petitioned for removal to this Court and not the United States District court for the Southern District of New York. Fed. R. Civ. P. 12(b)(3), 12(h)(1).

### C.  Conclusion

12. Plaintiff has met the "strong showing" requirement of the Bremen case and proved by preponderance of credible evidence supported by case law that enforcement of the venue clause would be unreasonable and unjust under the circumstances. The case involves other Baltimore resident, Kalico Exports, Inc. and other causes of action that border on Maryland law and which are better resolved in this Court than in New York.

For the foregoing reasons, therefore, this Court should not allow itself to be used as a vehicle for injustice as Defendants are demanding. Accordingly, the Court should and ought to deny Defendants CP Ships and Hapag-Lloyd's amended motion to dismiss or transfer, and instead, blue pencil the offending venue clause and retain the case on the Court's docket in the interest of justice.

Respectfully submitted,

/s/Obinna Duruji

_____

Obinna Duruji, Esq.
Duruji Law Firm, PC
7600 Georgia Avenue, NW, Ste. 217
Washington, DC 20012
Telephone:    (202) 722-0961
Facsimile:     (202) 722 0963

_____
Rev. Uduak J. Ubom, Esq.
Ubom Law Group, PLLC
7600 Georgia Avenue, NW, Ste. 410
Washington, DC 20012
Telephone:   202 723 8900
Facsimile:    202 723 5790
Attorneys for Plaintiff

Dated: September 10, 2007

## CERTIFICATE OF SERVICE

I, Hon Obinna Duruji, hereby certify that on 10th day of September, 2007, a copy of the foregoing was served on the attorneys for the other parties who are registered ECF users by electronic means pursuant to Local Rule and by first class mail, postage prepaid to the attorneys who are not registered ECF users.

/s/ Obinna Duruji

_____

Obinna Duruji