8929 /SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMADI NWOKOCHA<br>9824 Matzon Road<br>Baltimore, MD 21220<br>      Plaintiff,<br>V.<br><br>KALICO EXPORTS, INC.<br>7107 Commercial Avenue<br>Baltimore, MD 21237<br><br>CP SHIPS<br>399 Hoes Lane<br>Piscataway, NJ 08854<br><br>HAPAG-LLOYD (AMERICA) INC.<br>399 Hoes Lane<br>Piscataway, NJ 08854<br><br>HAPAG-LLOYD AG<br>Ballindamm 25<br>20095 Hamburg<br>      Defendants. | Civil Action No.: 1:07-CV-8597 (SAS)<br><br>**CP SHIPS, HAPAG LLOYD<br>(AMERICA), INC. AND HAPAG<br>LLOYD AG'S ANSWER TO<br>PLAINTIFF'S ORIGINAL<br><u>COMPLAINT WITH CROSSCLAIM</u>** |

  Defendants CP Ships, and Hapag-Lloyd (America) Inc., and Hapag-Lloyd AG answer the Complaint with civil number 1:07-CV-8597 through their attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP as follows:

## PARTIES

1. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1 of Plaintiff's original Complaint.

2. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 of Plaintiff's original Complaint.

3. Admit CP Ships was acquired by Hapag-Lloyd in 2005 and except where specifically admitted, deny each and every allegation contained in paragraph 3 of Plaintiff's original Complaint.

4. Admit Hapag-Lloyd (America) Inc., is an agent for Hapag-Lloyd AG and except where specifically admitted, denies each and every allegation contained in paragraph 4 of Plaintiff's original Complaint.

5. Admit Hapag-Lloyd AG, is an ocean common carrier and except where specifically admitted, denies each and every allegation contained in paragraph 5 of plaintiff's original complaint.

6. Deny each and every allegation contained in paragraph 6 of Plaintiff's original Complaint as the Maryland Courts do not have jurisdiction over this matter.

7. Deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's original Complaint.

8. Deny each and every allegation contained in paragraph 8 of Plaintiff's original Complaint.

9. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of Plaintiff's original Complaint.

10. Answering Defendants can neither admit, nor deny as no allegation was made in paragraph 10 of Plaintiff's original Complaint, however, if any language can be construed as an allegation so as to place liability on any of the answering Defendants, then such allegation is specifically denied.

11. Deny each and every allegation contained in paragraph 11 of Plaintiff's Complaint except that on or about February 2, 2006, the container arrived in Tin Can Island, Lagos and acknowledge the existence of Mr. Bayode's email of February 9, 2006.

12. Answering Defendants can neither admit, nor deny as no allegation was made, in paragraph 12 of Plaintiff's original Complaint, however, if any language can be construed as an allegation so as to place liability on any of the answering Defendants, then such allegation is specifically denied.

13. Admit on or about August 28, 2006, Plaintiff sent notice of his claim to Susan Rechenbach, Hapag-Lloyd's Claims Manager via fax number 732 885 6141 and on September 1, 2006, Rechenbach acknowledged receipt of Plaintiff's claim and stated in her reply that this matter is presently being investigated as to carrier's liability and "we shall revert promptly upon conclusion of these investigations" and except as specifically admitted, deny each and every allegation contained in paragraph 13 of Plaintiff's original Complaint.

14. Admit on September 25, 2006, Plaintiff provided Rechenbach with documents alleging the claim and except as specifically admitted, deny each and every allegation contained in paragraph 14 of Plaintiff's original Complaint.

15. Admit receiving claim documents noted in paragraph 14 and deny knowledge and information sufficient to form a belief as to the other allegations contained in paragraph 15 of Plaintiff's original Complaint.

16. Admit on November 22, 2006, Arne Klockmann, Hapag's Claims Manager, wrote to Plaintiff and acknowledged Plaintiff's letter dated September 25, 2006 and on March 1, 2007, Hapag wrote that the claim was time barred on February 10, 2007 and except as specifically admitted, deny each and every allegation contained in paragraph 16 of Plaintiff's original Complaint.

## IN RESPONSE TO COUNT I: INTENTIONAL MISREPRESENTATION

17. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 16 inclusive of this Answer to Plaintiff's original Complaint with the same force and effect as if herein set forth at length.

18. Deny each and every allegation contained in paragraph 18 of Plaintiff's original Complaint.

19. Deny each and every allegation contained in paragraph 19 of Plaintiff's original Complaint.

20. Deny each and every allegation contained in paragraph 20 of Plaintiff's original Complaint.

21. Deny each and every allegation contained in paragraph 21 of Plaintiff's original Complaint.

22. Deny each and every allegation contained in paragraph 22 of Plaintiff's original Complaint.

## IN RESPONSE TO COUNT II: NEGLIGENT MISREPRESENTATION

23. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 22 inclusive of this Answer to Plaintiff's original Complaint with the same force and effect as if herein set forth at length.

24. Deny each and every allegation contained in paragraph 24 of Plaintiff's original Complaint.

25. Deny each and every allegation contained in paragraph 25 of Plaintiff's original Complaint.

26. Deny each and every allegation contained in paragraph 26 of Plaintiff's original Complaint.

27. Deny each and every allegation contained in paragraph 27 of Plaintiff's original Complaint.

28. Deny each and every allegation contained in paragraph 28 of Plaintiff's original Complaint.

### IN RESPONSE TO COUNT III: BREACH OF CONTRACT

29. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 28 inclusive of this Answer to Plaintiff's original Complaint with the same force and effect as if herein set forth at length.

30. Deny each and every allegation contained in paragraph 30 of Plaintiff's original and answering Defendants are not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at the answering Defendants, said allegations or assertions are specifically denied.

31. Deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's original Complaint and answering Defendants are not required to respond to allegations directed to any other party; to the extent that the remaining

allegations are somehow construed to contain any allegations or assertions of liability directed at the answering Defendants, said allegations or assertions are specifically denied.

32. Deny each and every allegation contained in paragraph 32 of Plaintiff's original Complaint and answering Defendants are not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at the answering Defendants, said allegations or assertions are specifically denied.

33. Deny each and every allegation contained in paragraph 33 of Plaintiff's original Complaint.

## IN RESPONSE TO COUNT IV: DETRIMENTAL RELIANCE

34. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 33 inclusive of this Answer to Plaintiff's original Complaint with the same force and effect as if herein set forth at length

35. Deny knowledge and information sufficient to form a belief as to the allegation contained in paragraph 35 of Plaintiff's original Complaint.

36. Deny knowledge and information sufficient to form a belief as to the allegation contained in paragraph 36 of plaintiff's original complaint.

37. Deny knowledge and information sufficient to form a belief as to the allegation contained in paragraph 37 of Plaintiff's original Complaint.

38. Deny each and every allegation contained in paragraph 38 of Plaintiff's original Complaint.

39. Deny each and every allegation contained in paragraph 39 of Plaintiff's original Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

40. That the said shipment as described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then there issued, by which the shippers and consignees of said bills of lading agree to be and are bound.

41. Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bills of lading.

42. Any shortage, loss and/or damage to the shipment in suit which Defendants specifically deny was due to causes for which the Defendants are not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bills of lading (charterparty) and/or the General Maritime Law and/or applicable foreign law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. Due diligence was exercised on the part of the carrier to make the vessels and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44. That if the good in suit were lost or damaged, which is denied, the loss or damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which the answering Defendants are not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(o), and (n), and by the terms of the contract of carriage.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45. Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the answering Defendants are not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i), and by the terms of the contract of carriage.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

47. Defendant Hapag-Lloyd (America) Inc. is an agent for a disclosed principal.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

48. The maximum liability of Defendants if any, is $500.00 per package as agreed to in the provisions of the bills of lading under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. §1304(5).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

49. That if the good in suit were lost and/or damaged, which is denied, the loss and/or damage was proximately caused by a Restraint of princes and Act of Civil Strife, for which the Defendants are not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(g) and (k) and by the terms of the contract of carriage.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

50. That constructive delivery of said cargo in suit was made to the Port of Tin Can Island, Lagos.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

51. That if the goods in suit were lost and/or damage, which is denied, said loss and/or damage was caused in whole or in part by the negligence of the Plaintiff and/or its agents.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

52.     The suit is time-barred under the agreed provisions of the bills of lading, and under the provisions of the Carriage of Goods by Sea Act, specifically, 46 U.S.C. Section 1303(6).

### AS AND FOR A TWELVETH AFFIRMATIVE DEFENSE

53.     That if Plaintiff's cargo suffered any loss or damage, which Defendants CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG deny, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2) (Q).

### CROSS-CLAIM

### AS AND FOR THEIR CROSS-CLAIM AGAINST DEFENDANT KALICO EXPORTS, INC., DEFENDANTS CP SHIPS, HAPAG-LLOYD (AMERICA) INC AND HAPAG-LLOYD AG ALLEGES AS FOLLOWS:

54.     Repeat and reallege each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 53 inclusive of this Answer to Plaintiff's Complaint with the same force and effect as if herein set forth at length.

55.     If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss or damage caused any liability to Defendants CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG, then the said liability was brought by Defendant Kalico Exports, Inc.'s negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason there of, Defendants CP Ships, Hapag-Lloyd (America) Inc. and

Hapag-Lloyd AG are entitled to full indemnity and/or contribution from Defendant Kalico Exports, Inc., for its loss and damage including reasonable counsel fees and expenses.

WHEREFORE, Defendants CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG pray that the original Complaint against them be dismissed and their Crossclaim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
January 10, 2008

                                                            CICHANOWICZ, CALLAN, KEANE,
                                                            VENGROW & TEXTOR, LLP

                                                            By: / s / Stephen H. Vengrow
                                                                 Stephen H. Vengrow (SHV/3479)
                                                           Attorneys for Defendants CP Ships
                                                           Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG
                                                           61 Broadway, Suite 3000
                                                           New York, New York 10006
                                                           (212) 344-7042

TO:    Rev. Uduak J Ubom, Esq.
         Ubom Law Group, PLLC
         7600 Georgia Avenue, NW, Ste. 410
         Washington, DC 20012
         (202) 723-8900

         Hon. Obinna Duruji, Esq.
         Duruji Law Firm, PC
         7600 Georgia Avenue, NW, Ste. 410
         Washington, DC 20012
         (202) 723-5789

         Uwem J. Umoh
         255 Livingston Street, 4th Floor
         Brooklyn, New York 11217
         (718) 360-0527

## CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On January 10, 2008, I served a complete copy of **Defendants CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG's Answer to Plaintiff's Original Complaint** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following addresses:

> Rev. Uduak J Ubom, Esq.
> Ubom Law Group, PLLC
> 7600 Georgia Avenue, NW, Ste. 410
> Washington, DC 20012
> (202) 723-8900
>
> Hon. Obinna Duruji, Esq.
> Duruji Law Firm, PC
> 7600 Georgia Avenue, NW, Ste. 410
> Washington, DC 20012
> (202) 723-5789
>
> Uwem J. Umoh
> 255 Livingston Street, 4th Floor
> Brooklyn, New York 11217
> (718) 360-0527

/ s / Patrick Michael Decharles, II
Patrick Michael DeCharles, II (PMD/9984)

Dated: January 10, 2007
New York, New York

-11-