8929/SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendants CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMADI NWOKOCHA<br>9824 Matzon Road<br>Baltimore, MD 21220<br>      Plaintiff,<br>  V.<br><br>KALICO EXPORTS, INC.<br>7107 Commercial Avenue<br>Baltimore, MD 21237<br><br>CP SHIPS<br>399 Hoes Lane<br>Piscataway, NJ 08854<br><br>HAPAG-LLOYD (AMERICA) INC.<br>399 Hoes Lane<br>Piscataway, NJ 08854<br><br>HAPAG-LLOYD AG<br>Ballindamm 25<br>20095 Hamburg<br>      Defendants. | Civil Action 07 CV 8597<br><br><br>DECLARATION OF<br>FABIO DUARTE<br>IN SUPPORT OF THE DISMISSAL<br>MOTION OF DEFENDANTS CP SHIPS,<br>HAPAG-LLOYD (AMERICA) INC.<br>AND HAPAG-LLOYD AG |

Fabio Duarte declares the following:

1. I am a Claims Manager for Hapag-Lloyd (America) Inc.

2. Hapag-Lloyd (America) Inc. acts as an agent for Hapag-Lloyd AG (hereinafter collectively referred to as "Hapag-Lloyd").

3. I drafted the telefax dated March 1, 2007 which is also designated as plaintiff's Exhibit P10 in the original Complaint.

4. Attached is a true and accurate copy of that telefax marked as Exhibit A.

5. The telefax was drafted to the plaintiff's attorney Obinna Duruji, Esq. without prejudice to all of the rights and defenses that Hapag-Lloyd could claim. I advised the plaintiff's attorney that his client's claim was time barred on February 10, 2007.

6. I never and either orally or in writing assured plaintiff's counsel that the carrier would compensate the plaintiff for the cargo damage or delay.

7. I neither orally nor in writing ever advised plaintiff's counsel that the claims would be paid and that they should not file a Complaint.

8. I neither orally nor in writing ever advise plaintiff's counsel that Hapag-Lloyd or Hapag-Lloyd AG would not contest the timeliness of any Complaint filed by plaintiff.

9. I never entered into any type of settlement negotiations or spoke of any money that Hapag-Lloyd would pay on the claim.

10. I neither orally nor in writing agreed to extend the time for plaintiff to file a Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January 17, 2008

_____
Fabio Duarte

# EXHIBIT A

# Telefax

 **Hapag-Lloyd**

| | | | | |
|---|---|---|---|---|
| To: | Duruji Law Firm, PC – Atnn. Hon Obinna Duruji, Esq. | | | Hapag-Lloyd (America) Inc. |
| Telefax: | 202 723-5790 | | | 399 Hoes Lane |
| | | | | Piscataway, NJ 08854 |
| From: | Fabio Duarte | | | www.hlcl.com |
| Phone: | (732) 509-3180 | | | |
| Telefax: | (732) 885-6141 | | | March 1, 2007 |
| Email: | Fabio.Duarte@hlag.com | | | Pages: 1 + |

| | | | | |
|---|---|---|---|---|
| OUR FILE: | 62975 | | | |
| YOUR FILE: | unknown | | | |
| Vessel: | Atlantic Project | Voyage: | 006S | |
| Bill of Lading: | ATLRL016630 (251094) | Container: | CMUU4614?5? | |
| Type of Damage: | cargo shortness | Claim Amount: | USD1?,963.75 | |

**WITHOUT PREJUDICE**

Dear Sirs,

We refer to your letter dated 25.September.2006 and regret to inform you that your claim was time barred on 10.February.2007. Please refer to our Bill of Lading Terms and Conditions clause 6. Time for Suit stating that:

QUOTE
"In any event, the Carrier shall be discharged from all liability in respect of loss of or damage to the Goods, non-delivery, mis-delivery, delay or any other loss or damage connected or related to the Carriage unless suit is brought within one (1) year after delivery of the Goods or the date when the Goods should have been delivered."
UNQUOTE

In view of the above, we have no alternative other than to decline your claim in its entirety, since we can not accept responsibility for claims that are already time barred.

Yours faithfully,

Hapag-Lloyd (America) Inc.
As Agents of Hapag-Lloyd Container Linie GmbH

Fabio Duarte
Claims Manager