8929 /SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendants CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMADI NWOKOCHA<br>9824 Matzon Road<br>Baltimore, MD 21220<br><div align="right">Plaintiff,</div><br><div align="center">V.</div><br><br>KALICO EXPORTS, INC.<br>7107 Commercial Avenue<br>Baltimore, MD 21237<br><br>CP SHIPS<br>399 Hoes Lane<br>Piscataway, NJ 08854<br><br>HAPAG-LLOYD (AMERICA) INC.<br>399 Hoes Lane<br>Piscataway, NJ 08854<br><br>HAPAG-LLOYD AG<br>Ballindamm 25<br>20095 Hamburg<br><div align="right">Defendants.</div> | Civil Action No.: 1:07-CV-8597 (SAS)<br><br>**MEMORANDUM OF LAW OF DEFENDANTS CP SHIPS, HAPAG – LLOYD (AMERICA) INC AND HAPG-LLOYD AG IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT DISMISSING THE ORIGINAL COMPLAINT AS TIME-BARRED** |

## INTRODUCTION

This memorandum is submitted on behalf of defendants CP Ships, Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG in support of their motion for summary judgment dismissing the original complaint as time-barred.

At heart, this is a simple breach of contract claim for alleged damage and/or loss of cargo by sea from the United States to Nigeria. It has been made vastly more complicated plaintiff who has pleaded alternative theories of:

- Intentional misrepresentation
- Negligent misrepresentation
- Detrimental reliance

Plaintiff's additional theories of recovery are an attempt on his part to specially plead his way around the one year statute of limitation set out in §3(6) of the U.S. Carriage of Goods by Sea Act, recodified at 46 U.S.C. 30701, HISTORICAL AND STATUTORY NOTES.

## THE FACTS

The material facts of the case are straightforward and indisputable if not undisputed by plaintiff.

1.     Plaintiff describes himself as a shipper of container CMUU4614892, *Declaration of Stephen H. Vengrow EXHIBIT 1- original Complaint paragraph 4.*

2.     Plaintiff alleges that Hapag-Lloyd, as ocean carrier, failed to make delivery in good order and condition the contents of container CMUU4614892 to the consignee at Tin Can Island, Lagos. *Declaration of Stephen H. Vengrow, EXHIBIT 1 – original Complaint paragraph 11.*

3.     The contract of carriage was a Lykes Lines bill of lading number ATLRL016630, *Declaration of Arne Klockmann, EXHIBIT A.*

4.     At the time of the issuance of the bill of lading 21 November 2005, Lykes Lines was a division of CP Ships USA, LLC. *Declaration of Arne Klockmann, EXHIBITS 3 and 4.*

5.    CP Ships USA, LLC was later acquired by defendant Hapag-Lloyd AG. *Declaration of Stephen H. Vengrow, EXHIBIT A – original Complaint paragraph 3.*

6.    Hapag-Lloyd (America) Inc is the U.S. agent for Hapag-Lloyd AG. *Declarations of Arne Klockmann, paragraph 2, Susanne Rechenbach, paragraph 2 and Fabio Duarte, paragraph 2.*

7.    The bill of lading contract of carriage provides in relevant part that:

(a)    [T]he carrier shall be discharged from all liability whatsoever in respect of the goods, unless suit is brought within one year after delivery of the Goods or the date when the goods should have been delivered ....*Declaration of Arne Klockmann, paragraph 3.* (Paragraph 17 of the terms and conditions of the Bill of Lading.)

8.    The container was delivered on or about February 2, 2006. *Declaration of Stephen H. Vengrow, EXHIBIT A, original complaint, paragraph 4.*

9.    The complaint was filed on March 28, 2007 nearly 2 months after the expiration of the statute of limitation *Declaration of Stephen H. Vengrow, EXHIBIT A.*

## STANDARD REVIEW

To grant a motion for summary judgment a court must find that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).* Summary Judgment is appropriate if the evidence offered demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).* Where a summary judgment motion is properly made and supported, the opposing party may not simply rely on the allegations or

denials in the pleadings, but must, by affidavit or otherwise, set out specific facts showing a genuine issue for trial F.R. civ.P.56(e).

<div align="center">

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CAUSE OF ACTION IS TIME-BARRED BY 46 USC 30701 OF THE UNITED STATES CARRIAGE OF GOODS BY SE A ACT ("COGSA") AND THE TERMS AND CONDITION OF THE BILL OF LADING**

</div>

A.    THE APPLICABLE LAW

Plaintiff alleges that the cargo was carried by sea from the United States to Lagos, Nigeria pursuant to a bill of lading contract of carriage. *Declaration of Stephen H. Vengrow, EXHIBIT A, original Complaint paragraph 9.* As a result, the rights of the parties are governed by the U.S. Carriage of Goods by Sea Act, recodified at 46 U.S.C. 30701, HISTORICAL AND STATUTORY NOTES,  See §13 ("COGSA").

> COGSA extensively governs the responsibilities, liabilities, rights, and immunities of parties who enter into contracts for carriage of goods by sea.

*Senator Linie Gmbh & Co. Kg. v. Sunway Line, Inc.* 291 F.3d 145, 167 – 68 (2d Cir. 2002). Where it applies, the COGSA statute:

- Provides the *exclusive remedy* against the ocean carrier for cargo loss or damage, superseding other laws. *Polo Ralph Lauren, L.P. v. Tropical Shipping & Const. Co., Ltd.,* 215 F.3d 1217, 1220 – 2` (11th Cir. 2000) (citing cases); *Tarnawski v. Schenker, Inc.,* 2003 WL 22721987, *4 (W.D. Wash. 2003).

- Cannot be avoided by couching claims in negligence or common law causes of action. *Miller Export Corp. v. Hellenic Line*, 534 F.Supp. 707, 710 (S.D.N.Y. 1982).

<div align="center">- 4 -</div>

Section 3(6) of COGSA provides in relevant part:

> In any event the carrier and the ship shall be discharged from
> all liability in respect of loss or damage unless suit is brought
> within one year after delivery of the goods or the date when the
> goods should have been delivered ....

The one year COGSA statute of limitation is strictly enforced, and unlike a state of limitation, does not merely ban the remedy, it extinguishes the cause of action *Fireman's Insurance Co. of Newark NJ v. Gulf Puerto Rico Lines*, 349 F.Supp. 952 957-58 (D. Puerto Rico 1972).

Thus, under COGSA § 3(6) any action against a carrier for damage is barred if not brought within one year after the goods were delivered or should have been delivered. *UNITED STATES V. CIA NAVIERA CONTINENTAL, S.A.* 202 F.Supp. 698, 701 (SDNY 1962).

In the present case, the goods were delivered on or about February 2, 2006 pursuant to the plaintiff's complaint. However, this action was not commenced until March 28, 2007 nearly two months after the expiration of the one year statute of limitation. Since plaintiff's time to commence the action was not extended, its cause of action, if any, is extinguished.

<div align="center">

**POINT II**

**THE ONE YEAR STATUTE OF LIMITATION CANNOT BE AVOIDED BY CASTING
THE CAUSES OF ACTION IN COMMON LAW NEGLIGENCE, FRAUD OR
ALLEGED MISREPRESENTATION.**

</div>

A defendant will be estopped from asserting the COGSA statute of limitations as a defense only where a plaintiff can show that the carrier, "falsely represented to [plaintiff] that the statute would be extended ... or that [the carrier] would not assert the statute as a defense." *Mikinberg v. Baltic S.S. Co.,* 988 F.2d 327, 331 (2nd Cir. 1993).

According to the Second Circuit, the mere fact that a carrier is investigating the claim does not by itself toll the COGSA one year time bar. *Id.* at 330. Therefore, a carrier *saying* that it is investigating the claim should not, by itself, form the basis for an estoppel. For purposes of estoppel, there must be some further act or statement by the carrier which *affirmatively* purports to relieve the cargo plaintiff from the obligation to sue within the required one year. See:

> *Mikinberg,* supra, at 330 – 331 (Reversing carrier's summary judgment on COGSA time bar defense where cargo plaintiff alleged he was told that statute of limitations would be extended while claim was investigated);

> *Universal Ruma Co. v. Mediterranean Shipping Co. S.A.,* 2000 WL 991393, *3 (S.D.N.Y. 2000) (Denying carrier summary judgment on time bar defense where plaintiff alleged that carrier repeatedly assured her that claims were being processed, that she should wait, and that carrier would compensate plaintiff for the cargo damage and delay);

> *Austin, Nichols & Co., Inc. v. Cunard S. S. Ltd.,* 367 F.Supp. 947, 949, 1974 A.M.C. 375 (S.D.N.Y. Dec 14, 1973) (Denying carrier summary judgment on time bar defense where plaintiff alleged that carrier's agent assured that claims would be paid, that such assurances continued through and beyond expiration of the time bar, and that carrier had paid previously claims to plaintiff despite expiration of the one year bar).

By contrast, where there is no *affirmative* statement or act by the carrier agreeing to forego or extend the limitation, or agreeing to a settlement, or admitting to liability, then an estoppel has not been imposed. See,

> *BS Sun Shipping Monrovia v. Citgo Petroleum Corp.,* 509 F.Supp.2d 334, 349 (S.D.N.Y. 2007) (Carrier inaction does not toll COGSA one year time bar);

> *Malgor & Co., Inc. v. Compania Trasatlantica Espanola, S.A.,* 931 F.Supp. 122, 126 (D.Puerto Rico 1996) (A plaintiff cannot reasonably be misled into thinking a defendant will not contest timeliness merely because it has entered into settlement negotiations. Something substantially beyond that is required);

> *Mid Europe Trade & Inv. Co. v. Canada Maritime Ltd.,* 1995 WL 348022, *6 (N.D.Ill. 1995) (Settlement negotiations do not estop time bar absent express waiver or extension);

> *Birdsall, Inc. v. Tramore Trading Co., Inc.,* 771 F.Supp. 1193, 1197 (S.D.Fla.1991) (Same - there must be affirmative carrier misconduct);

&gt;   *General Electric v. M/V GEDIZ*, 720 F. Supp. 29 (S.D.N.Y. 1989) (No estoppel where plaintiff requested, but did not receive, confirmation of extension of suit time).

The factual basis on which plaintiff relies to estop assertion of the COGSA one year time bar is set out at paras. 12 – 16 of the original complaint. *See, Declaration of Stephen H. Vengrow, EXHIBIT A.* Nowhere in those allegations is there anything to suggest that defendant offered or agreed to waive, toll, or extend the COGSA one year time bar, or that it asked plaintiff to withhold the filing of a lawsuit, or that it had agreed to liability or a settlement. To the contrary, the letters from defendant all contain the language "Without Prejudice" in bold letters at the top – indicating that all rights were being reserved, *EXHIBIT A of the Declarations of Susanne Rechenbach, Arne Klockmann and Fabio Duarte.* There is nothing to meet the Second Circuit's requirement in *Mikinberg* that the carrier have *affirmatively* represented that the time bar would be extended or not used. *Mikinberg,* supra, at 330 – 31. All plaintiff alleges is that the moving defendants intentionally or negligently represented they were investigating the claim and would revert when in fact they were not investigating anything. *Id. at paras.* 13 – 16.


Even if true, defendants' *inactivity* was not *affirmative* misconduct. *Mikinberg,* supra, at 330 ("A statute of limitations lends certainty and finality to prospective litigation, … and if mere investigation by the defendant could toll the time for filing, this certainty and finality would be diminished"). Moreover, such inactivity was not something on which plaintiff could have reasonably relied in allowing the one year time bar to pass. *Id.,* at 330 – 31 (To effect an estoppel, plaintiff's reliance on carrier statements must have been reasonable). Assuming plaintiff's factual allegations are true, it appears that from August 28, 2006 to February 2, 2007 (the day suit time expired), plaintiff on several occasions asked for a resolution of its claim, and

defendants did not give him one. If true, those facts should *not* have inspired plaintiff to *disregard* the timeliness of his claims, but to *protect* it. *See, Declaration of Stephen H. Vengrow, EXHIBIT A, original Complaint paragraph 13-16.*

Plaintiff's complaint also alleges that defendants violated a duty to disclose to plaintiff the applicable laws and jurisdiction. *See, Declaration of Stephen H. Vengrow, EXHIBIT A, paras. 19 and 25.* It is not clear whether that allegation is offered to bar enforcement of the time bar. If it is, we believe it to be without merit. *Burriss v. Regency Maritime Corp.,* 1993 WL 228088, *5 - 6 (S.D.N.Y. Jun 24, 1993) (Defendant under no obligation, legal or otherwise, to remind plaintiff of the existence of the time limitation clause).

## CONCLUSION

The defendants' motion should be granted.

Dated: New York, New York

January 30, 2008,

> CICHANOWICZ, CALLAN, KEANE,
> VENGROW & TEXTOR, LLP
> Attorneys for Defendants CP Ships
> Hapag-Lloyd (America) Inc. and Hapag-Lloyd AG
>
> By:_____ / s / Stephen H. Vengrow_____
>      Stephen H. Vengrow (SHV/3479)
> 61 Broadway, Suite 3000
> New York, New York 10006
> (212) 344-7042

TO:    Hon. Obinna Duruji, Esq.
        Duruji Law Firm, PC
        7600 Georgia Avenue, NW, Ste. 410
        Washington, DC 20012
        (202) 723-5789

Uwem I. Umoh, Esq.
255 Livingston Street, 4th Floor
Brooklyn, New York 11217
(718) 360-0527

Rev. Uduak J Ubom, Esq.
Ubom Law Group, PLLC
7600 Georgia Avenue, NW, Ste. 410
Washington, DC 20012
(202) 723-8900