# EXHIBIT A

## IN THE CIRCUIT COURT OF BALTIMORE CITY, MARYLAND

```
*******************************************
AMADI NWOKOCHA                      *
9824 Matzon Road                    *
Baltimore, MD 21220                 *
         Plaintiff                  *
                                    *
V.                                  *
                                    *
KALICO EXPORTS, INC.                *
7107 Commercial Avenue              *
Baltimore, MD 21237                 *
                                    *       CASE NO.
CP SHIPS                            *
399 Hoes Lane                       *
Piscataway, NJ 08854                *
                                    *
HAPAG-LLOYD (America) Inc.          *
399 Hoes Lane                       *
Piscataway, NJ 08854                *
                                    *
HAPAG-LLOYD AG                      *
Ballindamm 25                       *
20095Hamburg                        *
         Defendants                 *
*******************************************
```

### PLAINTIFF'S ORIGINAL COMPLAINT

Amadi Nwokocha, Plaintiff, by his attorneys, Rev. Uduak James Ubom, Esq. and Obinna Duruji, Esq.

hereby sues the above named Defendants and others, hereinafter, Kalico, CP Ships, and Hapag- Lloyd

(America) Inc, and Hapag-Lloyd AG respectively, and interchangeably Defendants for intentional

misrepresentation, negligent misrepresentation, breach of contract, and detrimental reliance.

### PARTIES

1. Plaintiff is now and at all times relevant to this suit was a resident of Baltimore City, Maryland.

2. Kalico Exports, Inc., hereinafter, Kalico, is corporation which conducts shipping

   related business at 7107 Commercial Avenue, Baltimore, Maryland 21237.

3. CP Ships was a large Canadian container shipping company which was acquired

   by Hapag-Lloyd in 2005 and now re-branded Hapag-Lloyd Canada. At the time of

1

the shipping contract made basis of this suit, CP Ships had its principal place of business at 401 Jackson Street, Suite 3300, Tampa, Florida but carried on a regular shipping business in Baltimore City, Maryland.

4. Hapag-Lloyd (America) Inc., hereinafter Hapag-America and interchangeably, Hapag-Lloyd, is the agent for Hapag-Lloyd AG and conducts its shipping business at 6610 Tributary Street, Suite 310, Baltimore, Maryland 21224 and 1820 Lancaster Street, Suite 100, Baltimore, Maryland 21231.

5. Hapag-Lloyd AG, hereinafter, Hapag and interchangeably, Hapag-Lloyd, is a global shipping company that conducts business in Baltimore city, Maryland through its agent, Hapag-America. The acquisition of CP Ships in 2005 for US$2.0 billion in cash placed Hapag-Lloyd among the top five biggest shipping companies in the world.

6. This Court has jurisdiction over this matter under Md. Ann. Code, Cts. & Jud. Proc. § 6-201(b).

7. On or about October, 2005, Plaintiff met with Kalico's president, Mr. Ukegbu U. Kalu and the parties agreed for a sum certain $6,000.00 that Kalico would ship Container #CMUU4614892 and SEAL #6622370 for Plaintiff on board named vessel Atlantic Project V.006 via Oceane Marine Shipping, Inc. as carrier. Later, Kalico increased the contract fee to $6,800.00 payable in two installments of $2,000.00 deposit and prior to shipment and $4,800.00 balance after shipment but prior to release of the Bill of lading. Final payment receipt is incorporated herein by reference and attached as **P1**

8. The undisputed contents of the container were:

2

a. 2000 Mitsubishi Truck VIN JA4MT31H3YPO35906,

b. 2000 Toyota 4Runner VIN JT3HN86R6Y0300893,

c. 2000 Toyota Camry, VIN 4T1BG22K8YU741320, and

d. 180 pieces of household goods/personal effects.

9.  On 12/02/05, Plaintiff paid Kalico the balance of $4,800.00 for shipping the container and was given a bill of lading #251094. Under the terms of the shipping contract, the container was supposed to arrive in Lagos, Nigeria on 12/12/05 but it did not.

10. On January 12, 2006, 30 days after the container was supposed to have arrived, CP SHIPS wrote to its valued customers, including plaintiffs, as follows: "This notice is to advise that a feeder vessel has been secured for your cargo, which was loaded onto the Atlantic Project V. 006 destined for Tin Can Island, Lagos, Nigeria. Originally cargo was to load the DANI 2805, but the vessel experienced damage to its cranes and remains in dry dock to date. We have been advised that the OPAL 106 is the next available vessel out of Tema. ETA into Tema on January 23rd and ETA into Tin Can Island, Lagos, Nigeria on January 25th. We apologize for any inconveniences the delay of securing appropriate feeder may have caused." The notice is incorporated herein by reference and attached as P2.

11. On or about February 2, 2006, the container arrived in Tin Can Island, Lagos, Nigeria without the original seal. Instead, it was locked with a pad lock. Nigerian Customs and Ports authority inspected the container in presence of the shipper's local agent, Eleazar Bayode, and confirmed that the seal had been broken and that only three vehicles were inside and had been vandalized. All the 180 pieces of

3

household and personal effects had been stolen and the boxes were scattered over the container. On February 9, 2006, Mr. Bayode notified CP Ships via email about the broken seal and missing items and sought advice from Andrew Green on how to handle the situation. The email is incorporated herein by reference and attached as **P3**.

12. On May 3, 2006 and July 13, 2006 respectively, Plaintiff sent by fax and via certified mail return receipt requested, (CMRRR: 7004 2890 0004 2330 1146) to CP Ships at 401 East Jackson Street, Suite 3300, Tampa, Florida, 33602 to inform them of the lost items. Subsequently, Plaintiff discovered that Messrs Andrew Green and Kevin Arnold were no longer there and that CP Ships had been acquired by Hapag-Lloyd. Plaintiff's letters dated 5/3/06 and 7/13/06 are incorporated herein by reference and attached as **P4 & 5** respectively.

13. On August 28, 2006, Plaintiff sent notice of his claim to Susan Rechenbach, Hapag-Lloyd's Claims Manager via fax number 732 885 6141. On September 1, 2006, Rechenbach acknowledged receipt of Plaintiff's claim and stated in her reply that this matter is presently being investigated as to carrier's liability and "we shall revert promptly upon conclusion of these investigations". She also requested various documents and claim amount. Rechenbach's Claim acknowledgement is incorporated herein by reference and attached as **P6**.

14. On September 25, 2006, Plaintiff provided Rechenbach with all requested information at his disposal including invoices numbered 1-21 for lost items and the amount of claim, all of which are incorporated herein by reference and attached as **P7**.

15. On October 25, 2006, Plaintiff contacted Rechenbach to inquire on the status of his claim. Hapag denied receipt of Plaintiff's demand package. On 10/25/06, Plaintiff's counsel faxed Hapag the Certified Mail Receipt with which the package was sent to Rechenbach. Thereafter, Hapag admitted having received the package and promised to get back to Plaintiff. The US Postal Service Certified Mail Receipt is incorporated herein by reference and attached as **P8**.

16. On November 22, 2006, Arne Klockmann, another Hapag's Claims Manager, acting in the course and within the scope of his employment, wrote to Plaintiff and acknowledged Plaintiff's letter dated September 25, 2006 and stated, "We herewith confirm receipt of the documents which were sent to us with your letter regarding this matter. We are still investigating all circumstances of this matter and we will be in a position to comment on the cause of the occurred damage soon. We will come back to you as soon as we have finished our investigations". Klockmann's letter is incorporated herein by reference and attached as **P9**. Despite several telephone calls and emails to Hapag on the status of Plaintiff's claim and its repeated assurances that it was investigating the claim and would revert back to Plaintiff as soon as it completed its investigations, on March 1, 2007, Hapag wrote through yet another Claims Manager, Fabio Duarte, that the claim was time barred on February 10, 2007. Hapag's letter dated March 1, 2007, is incorporated herein by reference and attached as **P10**. Plaintiff construes said letter as a denial of his claim and now sues for intentional or negligent misrepresentations, breach of contract and detrimental reliance.

### COUNT I: INTENTIONAL MISREPRESENTATION

17.   Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 16 and incorporates same by reference as though they were fully set forth herein.

18.   Defendants knew that the representations in the bill of lading were false when made or made the representations with reckless disregard for the truth of the matters stated. Defendants further knew that they were not investigating Plaintiff's claim but falsely and deceptively claimed and assured Plaintiff that they were doing so.

19. Defendants owed a duty to Plaintiff to disclose to him applicable laws and jurisdiction in the bill of lading for a shipping contract entered into in Baltimore, Maryland. Instead, Defendants willfully misled Plaintiff to believe that "any legal proceeding shall be within the exclusive jurisdiction of the Antwerp courts (Belgium) when in fact the shipping contract was entered into in Baltimore, Maryland and all the defendants did and still do business thereof.

20.   Plaintiff acted in justifiable reliance that Defendants would disclose to him the true facts of the shipping agreement.

21.   Plaintiff detrimentally relied on Defendants' verbal and written assurances that they were investigating his claim and would come back to him as soon as they had finished their investigations.

22.   As a direct and proximate result of Defendants intentional misrepresentations, as to applicable laws and jurisdiction, and their assurances of investigating and reverting back to him, and Plaintiff's justifiable reliance thereto, Plaintiff has suffered and continues to suffer damages as follows: $79,644.75 for lost items, $16,000.00 for 20% return on his investment, $13,500.00 for loss of profit/use of

6

his vehicles for the first 90 days they were delayed, $13,500 for the second 90 days to effect repairs, and reasonable attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against the Defendants, jointly and severally, in the amount of $112,644.75 plus any additional damages that may be incurred between the date of filing of the Complaint and trial, prejudgment interest, costs of suit, reasonable attorney fees, punitive damages, and all other relief the Court deems appropriate in the interest of justice.

## COUNT II: NEGLIGENT MISREPRESENTATION

23.     Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 22 and incorporates same by reference as though they were fully set forth herein.

24.     Defendants knew that the representations in the bill of lading were false when made or made the representations with reckless disregard for the truth of the matters stated. Defendants further knew that they were not investigating Plaintiff's claim but falsely and deceptively claimed and assured Plaintiff that they were doing so.

25. Defendants owed a duty to Plaintiff to disclose to him applicable laws and jurisdiction in the bill of lading for a shipping contract entered into in Baltimore, Maryland. Instead, Defendants willfully misled Plaintiff to believe that "any legal proceeding shall be within the exclusive jurisdiction of the Antwerp courts (Belgium) when in fact the shipping contract was entered into in Baltimore, Maryland and all the defendants did and still do business thereof.

26.     Plaintiff acted in justifiable reliance that Defendants would disclose to him the true facts of the shipping agreement.

7

27. Plaintiff detrimentally relied on Defendants' verbal and written assurances that they were investigating his claim and would come back to him as soon as they had finished their investigations.

28. As a direct and proximate result of Defendants negligent misrepresentations, as to applicable laws and jurisdiction, and their assurances of investigating and reverting back to him, and Plaintiff's justifiable reliance thereto, Plaintiff has suffered and continues to suffer damages as follows: $79,644.75 for lost items, $16,000.00 for 20% return on his investment, $13,500.00 for loss of profit/use of his vehicles for the first 90 days they were delayed, $13,500 for the second 90 days to effect repairs, and reasonable attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against the Defendants, jointly and severally, in the amount of $112,644.75 plus any additional damages that may be incurred between the date of filing of the Complaint and trial, prejudgment interests, costs of suit, reasonable attorney fees, punitive damages, and all other relief the Court deems appropriate in the interest of justice.

## COUNT III: BREACH OF CONTRACT

29. Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 28 and incorporates same by reference as though they were fully set forth herein.

30. Plaintiff and Defendant Kalico entered into a binding contract, the material terms of which were that Plaintiff's container would arrive in Lagos, Nigeria on December 12, 2005 and with all the contents. Plaintiff was the intended beneficiary of the shipping contract between Kalico and CP Ships, which was later acquired by Hapag. Defendants owed Plaintiff the duty of prompt delivery of

8

his container as agreed. Defendants breached that duty when they failed to deliver the container on 12/12/05 as agreed. Defendants delivered the container 6 weeks behind schedule. Even then, defendants breached their duty of safe guiding the container and delivering it with its contents in tact and with its original seal #6622370 in place. Instead, the container arrived with a broken seal, on pad lock with the vehicles vandalized and all the household goods/personal items lost.

31.    As part of that contract, Defendants impliedly covenanted to act in good faith and to deal fairly with Plaintiff concerning the subject of the contract.

32.    As a result of the acts alleged above, the Defendants breached not only the contract but also the implied covenant of good faith and fair dealing.

33.    As a direct and proximate result of the breach of the contract and the implied covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer damages as stated above.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against the Defendants, jointly and severally, in the amount of $112,644.75, plus any additional damages that may be incurred between the date of filing of the Complaint and trial, prejudgment interest, costs of suit, reasonable attorney fees, and all other relief the Court deems appropriate in the interest of justice.

## COUNT IV: DETRIMENTAL RELIANCE

34.    Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 33 and incorporates same by reference as though they were fully set forth herein.

35.    Upon the discovery of the lost items Plaintiff promptly notified Defendants of the loss. Defendants through several Claims managers repeatedly promised and

9

assured Plaintiff that they were investigating the loss. On September 1, 2006, Defendant Hapag acknowledged Plaintiff's claims and promised thus, "we shall revert promptly upon conclusion of these investigations". On November 22, 2006, Hapag again acknowledged receipt of all the documents Plaintiff sent to prove his claim and promised thus, "we will come back to you as soon as we have finished our investigations".

36. Defendants reasonably expected its promises to induce Plaintiff to enter into the shipping contract. Upon the breach and consequent loss, Defendants expected its promises of prompt investigation and reversion to Plaintiff to induce Plaintiff to wait for the conclusion of the investigations and to be compensated for the loss since Plaintiff was without fault.

37. Plaintiff, in justifiable reliance upon the assurances and promises of the Defendant Hapag did wait and was waiting for the conclusion of the investigation of the loss.

38. As a direct and proximate result of the detrimental reliance, Plaintiff has suffered and continues to suffer damages as stated above.

39. It is a fundamental rule of equity that a party should not be permitted to profit from its own wrong doing. This basic principle underlies the equitable tolling doctrine itself. To allow Hapag to benefit from its unilateral one year limitation period defense contrary to the statute of limitation under Maryland law, and after it had intentionally misled Plaintiff with regard to applicable laws and jurisdiction and its investigations, thereby causing Plaintiff's delay in filing this suit, would be manifestly unjust. Citiroof Corp. v. Tech Contracting Co., 159 Md. App. 578, 589 860 A.2d 425, 432 (2004).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against the Defendants, jointly and severally, in the amount of $112,644.75 plus any additional damages that may be incurred between the date of filing of the Complaint and trial, prejudgment interest, costs of suit, reasonable attorney fees, punitive damages, and all other relief the Court deems appropriate in the interest of justice.

Respectfully submitted,

Rev. Uduak J. Ubom, Esq.
Ubom Law Group, PLLC
7600 Georgia Avenue, NW, Ste. 410
Washington, DC 20012
(202) 723-8900

Hon Obinna Duruji, Esq.
Duruji Law Firm, PC
7600 Georgia Avenue, NW, Ste. 410
Washington, DC 20012
202 723 5789

## VERIFICATION

I, Amadi Nwokocha, hereby affirm under the penalties of perjury that I have read the foregoing Original Complaint and that the factual content thereof is true and correct to the best of my information, knowledge and belief.

Amadi Nwokocha, Plaintiff/Date: _____

## CERTIFICATE OF SERVICE

I CERTIFY, that on 28th day of March, 2007, a copy of the foregoing document was served on Fabio Duarte, Claims Manager for Hapag-Lloyd by certified mailed, return receipt requested, at Hapag-Lloyd (America) Inc., 399 Hoes Lane, Piscataway, NJ 08854 and via email to him at Fabio.duarte@hlag.com, to Arne Klockmann, Claims Manager

for Hapag-Lloyd at arne.klockmann@hlcl.com and to Susan Rechenbach, Hapag-Lloyd's
Claims Manager at Susanne.rechenbach@hlcl.com.

_____

Hon Obinna Duruji, Esq.

Respectfully submitted,

_____

Rev. Uduak J. Ubom, Esq.
Ubom Law Group, PLLC
7600 Georgia Avenue, NW, Ste. 410
Washington, DC 20012
(202) 723-8900


_____

Hon Obinna Duruji, Esq.
Duruji Law Firm, PC
7600 Georgia Avenue, NW, Ste. 410
Washington, DC 20012
202 723 5789


## VERIFICATION

I, Amadi Nwokocha, hereby affirm under the penalties of perjury that I have read the foregoing Original Complaint and that the factual content thereof is true and correct to the best of my information, knowledge and belief.

_____
Amadi Nwokocha, Plaintiff/Date: 3|24|07


## CERTIFICATE OF SERVICE

I CERTIFY, that on 26th day of March, 2007, a copy of the foregoing document was served on Fabio Duarte, Claims Manager for Hapag-Lloyd by certified mailed, return receipt requested, at Hapag-Lloyd (America) Inc., 399 Hoes Lane, Piscataway, NJ 08854 and via email to him at Fabio.duarte@hlag.com, to Arne Klockmann, Claims Manager for Hapag-Lloyd at arne.klockmann@hlcl.com and to Susan Rechenbach, Hapag-Lloyd's Claims Manager at Susanne.rechenbach@hlcl.com.


_____

Hon Obinna Duruji, Esq.

P1

12/2/05

I RECEIVED FROM AMADI NWOKOCHA
THE SUM OF #4800.00 DOLLARS

FINAL PAYMENT.

THANK YOU
Ikhopakam



**CP SHIPS**

401 East Jackson Street, Suite 3300
Tampa, Florida 33602 USA
Tel: + 1 (813) 276-4784
Fax: + 1 (813) 276-4593
www.cpships.com

January 12, 2006

REF: Atlantic Project 006s cargo

To Our Valued Customers:

This notice is to advise that a feeder vessel has been secured for your cargo, which was loaded onto the Atlantic Project 006s destined for Tin Can Island Lagos, Nigeria.  Originally cargo was to load the DANI 2805, but the vessel experienced damage to its cranes and remains in dry dock to date.  We have been advised that the OPAL 106 is the next available feeder vessel out of Tema.

ETA into Tema on January 23rd and ETA into Tin Can Island Lagos, Nigeria on January 25th.  We apologize for any inconveniences the delay of securing appropriate feeder service may have caused.

Best Regards,
Meche Presley
Tonnage Coordinator

**eleazar bayode**

| | |
|---|---|
| **From:** | eleazar bayode |
| **Sent:** | 09 February 2006 19:38 |
| **To:** | 'Andrew.Green@cpships.com' |
| **Cc:** | emmanuel oloko; philippe lestrade; 'Kevin.Arnold@cpships.com' |
| **Subject:** | RE-CMUU4614892 (CONTAINER WITHOUT SERIAL NO.) |

Dear Andrew Green,

We received a report from one of our customers about his container which landed
without a seal but locked with a padlock.

He is alledging that some of his cargo were stollen (180 pieces household goods/personal effects);
And the 3 cars were vandalised.

He is therefore asking for a compensation for the missing items .

We noticed from the tally sheet (prepared by our tally clark & signed by the chief officer of the vessel)
and customs examination sheet shows that the container had a broken seal and locked with a pad-
lock.

Therefore,we will like you to advice us on the surveyor to contact to access the extent of damage.


Below is the detail of the cargo:

CNE : UCHE NWOKOCHA

BL : ATLRL01663

CNTR NO. : CMUU4614891

VSL.: OPAL

VOY: 0206S

VSL ARVL: 04/02/2006

DESCP OFGDS: -2000 MISTUBISHI TRUCK
                -2000 TOYOTA 4 RUNNER
                -2000 TOYOTA 4S
                -180 PIECES HOUSEHOLD GOODS/PERSONAL EFFECTS

We look forward for your promt response.


**ELEAZAR BAYODE**
**(manager customer services/claims)**

1

P4

# DURUJI LAW FIRM

7600 Georgia Avenue, N.W., Suite 410
Washington, D.C. 20012

Tel: 202-723-5789
Fax: 202-723-4006

Obinna Duruji, Esq. (DC, TX)
Uduak James Ubom, Esq. (DC, MD, PA)
Jennifer A. Dadzie, Esq. (NY)
Augustus Brew, Esq. (DC, CT)
Thomas K. Kirui, Esq. (VA)
Raphael Ukutt, Esq. (Nigeria)

www.durujilaw.com

obi@durujilaw.com
Direct Dial: 202-421-9233

*May 3, 2006*

Andrew Green & Kevin Arnold Via Fax #813 276 4593
CP Ships
401 East Jackson Street, Suite 3300
Tampa, FL 33602

Re:    Amadi Nwokocha, et al
       Container No.: CMUU4614892; Seal No.: 6622370
       **Contents:**
       1. 2000 MITSUBISHI TRUCK VIN JA4MT31H3YP035806
       2. 2000 TOYOTA 4 RUNNER VIN JT3HN86R6Y0300893
       3. 2000 TOYOTA CAMRY VIN 4T1BG22K8YU741320
       4. 180 PIECES OF HOUSEHOLD GOODS/PERSONAL EFFECTS

Dear Green & Arnold:

The purpose of this letter is to advise you that we represent the above named and others for the losses they sustained when the above described container which you shipped was broken into, their vehicles vandalized and 180 pieces of house hold goods and/or personal effects were stolen. From  investigations report thus far the container arrived Lagos 6 weeks behind schedule, with a broken seal and on a pad lock.

Please note that we have been assigned an interest in this matter. Accordingly, please direct all correspondences regarding this claim to our office.  Please turn this letter over to your insurance if you have one and have them contact me. Failure to do so, if you have one, may subject you to criminal liability for willful failure to disclose upon the occurrence of a covered event.

If you do not have insurance that covers this incident, please contact me upon receipt of this letter so that we can explore possibility of an amicably resolution of this matter without the necessity of a lawsuit, which is usually expensive. Thank you.

Sincerely,

Obinna Duruji, Esq.

# DURUJI LAW FIRM

7600 Georgia Avenue, N.W., Suite 410
Washington, D.C. 20012

Tel: 202-723-5789
Fax: 202-723-4006

Obinna Duruji, Esq. (DC, TX)
Uduak James Ubom, Esq. (DC, MD, PA)
Jennifer A. Dadzie, Esq. (NY)
Augustus Brew, Esq. (DC, CT)
Thomas K. Kirui, Esq. (VA)
Raphael Ukutt, Esq. (Nigeria)

www.durujilaw.com

obi@durujilaw.com
Direct Dial: 202-421-9233

July 13, 2006

Andrew Green & Kevin Arnold by CMRRR: 7004 2890 0004 2330 1146
*CP Ships*
401 East Jackson Street, Suite 3300
Tampa, FL 33602

Re:    Amadi Nwokocha, et al
       Container No.: CMUU4614892; Seal No.: 6622370
       **Contents:**
       1. 2000 MITSUBISHI TRUCK VIN JA4MT31H3YP035806
       2. 2000 TOYOTA 4 RUNNER VIN JT3HN86R6Y0300893
       3. 2000 TOYOTA CAMRY VIN 4T1BG22K8YU741320
       4. *180 PIECES OF HOUSEHOLD GOODS/PERSONAL EFFECTS*

Dear Green & Arnold:

On 2/08/06, Uche Nwokocha wrote to the General Manager of Blue Funnel Nig. Ltd. and notified him of the missing items in the above referenced container. On 2/09/06, Eleazar Bayode, Manager Customer services/claims of Blue Funnel Nig. Ltd. notified Mr. Andrew Green the container had a broken seal and locked with a pad lock. The notice was sent via email address:                          , and copied to                          . Copies of these notices are attached for your guidance. On 5/03/06, we sent you our letter of representation by fax, email, and regular mail. To date you did not respond to our letter of representation.

Thus, further to our said letter of representation to you, please find attached the lists of lost items *belonging to Amadi Nwokocha and Nnadozie Emekobum and costs for each totaling $82,463.75.* This does not include Ms. Felicia Yarborough's lost items, which will be submitted later. Please review the enclosures carefully and advise when and how you intend to pay for these losses. As you do, please bear in mind that your breach of the shipment contract was the sole cause of our clients' losses. We look forward to an amicable resolution of this matter. However, our clients may elect to commence suit if this matter is not resolved or within the zone of possible settlement/agreement by 8/31/06. In the event of litigation, you will be liable for all their losses, costs of suit and reasonable attorney's fees.

# Claim Acknowledgement



**Hapag-Lloyd**

Hapag-Lloyd (America) Inc.
399 Hoes Lane
Piscataway, NJ 08854
www.hlcl.com

| | |
|---|---|
| **To:** | Obinna Duruji, Esq. |
| **Telefax:** | 202-723-4666 ~~5796~~ |
| | |
| **From:** | Susanne.Rechenbach |
| **Phone:** | (732) 885-6145 |
| **Telefax:** | (732) 885-6141 |
| **Email:** | Susanne.Rechenbach@hlcl.com |

September 1, 2006
Pages: 1

**OUR FILE:**     62975 / SR

**YOUR FILE:**

| | | | |
|---|---|---|---|
| **Vessel:** | Atlantic Project | **Voyage:** | 006s |
| **Bill of Lading:** | ATLRL016630 | **Container:** | CMUU4614892 |
| **Type of Damage:** | Theft | **Claim Amount:** | Please Advise |

WITHOUT PREJUDICE

Dear Sirs,

We acknowledge receipt of the above claim and would like to inform you that this matter is presently being investigated as to the carrier's liability. We shall revert promptly upon conclusion of these investigations.

In order for us to deal with this matter we would be pleased if you could provide us with further documents/ information as follows

- ☒ Original Bill(s) of Lading
- ☐ First Notice of Intent to Claim
- ☒ Survey Report
- ☒ Photos
- ☒ Commercial Invoice
- ☒ Detailed Claim Statement
- ☒ Packing List
- ☒ Delivery Receipt
- ☐ Container Destuffing Tally Sheet
- ☒ Proof of Salvage Value / Independent Destruction Certificate
- ☒ Assignment of Rights
- ☐ Temperature records

Yours faithfully,
Hapag-Lloyd (America) Inc.
As Agents of Hapag-Lloyd AG

Susanne Rechenbach
Claims Manager

If you have any evidence or information contrary to our understanding of the situation or you believe may exonerate your company from ultimate liability for this case, please advise us within 14 days of this correspondence. Otherwise, the case rests on damages only. Thank you.

Sincerely,

Obinna Duruji, Esq.

···ill of lading shows what was

# DURUJI LAW FIRM, PC
7600 Geo..ia Avenue, N.W., Suite 410
Washington, D.C. 20012

Obinna Duruji, Esq. (DC, TX, NG)
Uduak James Ubom, Esq. (DC, MD, PA)
Jennifer A. Dadzie, Esq. (NY)
Augustus Brew, Esq. (DC, CT)
Thomas K. Kirui, Esq. (VA)
Raphael Ukutt, Esq. (Nigeria)

Tel: 202-723-5789
Fax: 202-723-5790

www.durujilaw.com

obi@durujilaw.com
Direct Dial: 202-421-9233

*September 25, 2006*

Susan Rechenbach, Claims Manager
Hapag-Lloyd
399 Hoes Lane
Piscataway, NJ 08854

Via Fax # 732 885 6141

Re:    *Amadi Nwokocha, et al*: Your File: 62975/SR
Container No.: CMUU4614892; Seal No.: 6622370; B/L No. 251094
**Contents:**
1. 2000 MITSUBISHI TRUCK VIN JA4MT31H3YP035806
2. 2000 TOYOTA 4 RUNNER VIN JT3HN86R6Y0300893
3. 2000 TOYOTA CAMRY VIN 4T1BG22K8YU741320
4. 180 PIECES OF HOUSEHOLD GOODS/PERSONAL EFFECTS

Dear Ms. Rechenbach:

Further to my letter to you and the enclosures therein, and your letter dated 09/01/06, please find enclosed the following:

1.    A copy of the original bill of lading. One of the originals was sent to Nigeria to facilitate the initial investigation. We now have only one original and we prefer to retain it at this time since it's not in dispute.

2.    15 photos showing the broken seal, pad lock, open and scattered boxes, vandalized vehicles, etc.

3.    21 commercial invoices totaling $79,644.75 for Amadi Nwokocha's lost items. Please not that each invoice has record of payment attached to it.

4.    List of Nnadozie Emekobum's lost items totaling $2,819.00.

5.    List of Felicia Yarborough's lost items will be provided later.

6.    Survey Report was not provided to our client.

Amadi Nwokocha
VANDALIZEI CONTAINER
CONTENTS: (Supporting Documents)

| Description of goods | # of Cartons | Quantity (pcs) | Unit Cost ($) | Costs ($) | Invoice # | Reference Invoice Date | Payment Date | Method of payment | Name of Supplier |
|---|---|---|---|---|---|---|---|---|---|
| Cell phone accessories (Antenna boosters, leather cases, emergency chargers, USB Chargers, handsfree car kits, universal car chargers, etc) | 5 | 3550 | 8.575 | $ 2,826.50 | STIN-987 | 10/9/2004 | 10/15/2004 | MECU Wire Transfer | StrongCorp Electronic Products Co. Ltd. China |
| Treo 650 Docking stations | 3 | 250 | 8.575 | $ 2,143.75 | JI-05101918-VG; JI-05081739-VG | 10/18/2005; 8/25/2005 | 10/24/2005; 8/30/2005; 8/20/2005 | BoA Wire Transfer | JP's Hong Kong |
| FM Transmitters for iPods | 4 | 585 | 13 | $ 7,605.00 | JI-05050021-VG; JI-05031223-VG; JI-05031170-VG | 5/5/2005; 3/29/2005; 3/6/2006 | 5/10/2005; 3/24/2005; 3/7/2005 | BoA Wire Transfer | JP's Hong Kong |
| iPod Leather cases | 1 | 125 | 3.5 | $ 437.50 | JI-05050021-VG; JI-05031223-VG; JI-05031170-VG / GHB2005-001 | 5/5/2005; 3/23/2005; 3/6/2005 / 2/28/2005 | 5/10/2005; 3/24/2005; 3/7/2005 / 3/4/2005 | MECU Wire Transfer / Western Union | JP's Hong Kong / GHB Int'l, HK |
| Silicone cases for iPods | 1 | 185 | 3.8 | $ 703.00 | JI-05050021-VG; JI-05031223-VG; JI-05031170-VG / GHB2005-001 | 5/5/2005; 3/23/2005; 3/5/2005 / 2/28/2005 | 5/10/2005; 3/24/2005; 3/7/2005 / 3/4/2005 | MECU Wire Transfer / Western Union | JP's Hong Kong / GHB Int'l, HK |
| iDock for iPods | 4 | 210 | 14 | $ 2,940.00 | JI-05011059-VG (REV); JI-05011059-VG; JI-05011018-VG | 2/14/2005; 1/25/2005; 1/8/2005 | 2/15/2005; 1/25/2005; 1/10/2005 | MECU Wire Transfer | JP's Hong Kong |
| Motorola Bluetooth Headsets | 8 | 550 | 40 | $ 22,400.00 | USCA | 8/3/2005; 6/20/2005; 6/2/2005 | 10/17/2005; 9/1/2005; 8/20/2005; 8/2/2005 | BoA Wire Transfer | KL Tradehouse |
| Motorola, Nokia, Samsung, Ericsson, Siemens, Panasonic Cell phones | 6 | 313 | 52 | $ 16,276.00 | PI-101102; PI-092002; PI-051608 | 10/11/2005; 9/20/2005; 5/18/2005 | 10/11/2005; 9/26/2005; 5/21/2005 | BoA Wire Transfer; MECU Wire Transfer | Telemetro Hong Kong |
| Cell phone batteries | 4 | 950 | $ 2.81 | $ 2,673.00 | 20050218 | 2/18/2005 | 2/18/2005 | Western Union | KISS Communications |
| BTK-10 Bluetooth Headsets | 1 | 56 | $ 43.80 | $ 2,453.00 | 20050105 | 1/5/2005 | 1/6/2005 | Western Union | KISS Communications |
| GSM Key USB Dongle | 1 | 1 | $ 124.00 | $ 124.00 | 0111939760076 | 1/21/2005 | 1/21/2005 | Western Union | Greattop Elec. Co. Ltd, China |
| DELL Laptops, Computers & Flat Screen Monitors | 9 | 9 | | $ 2,973.00 | 295638 | 10/20/2005 | 10/20/2005 | Credit Card | DELL Financial Services |
| DELL Computers & Flat Screen Monitors | 23 | 23 | | $ 10,050.00 | | | | | |
| Ericsson, Nokia, Motorola, panasonic cell phones | 2 | 71 | | $ 6,040.00 | AMAD-25JAN2005 | 1/25/2005 | 1/29/2005; 1/31/2005 | MECU Wire Transfer; MECU Wire Transfer | MITSUBA Int'l, HK; MITSUBA Int'l, HK |
| | | | | $ 79,644.75 | | | | | |



# STRONGCORP ELECTRONIC PRODUCTS CO.,LTD.

ADD. LongHua Industrial Zone, Longhua Town,

BaoAn District
,ShenZhen City, GuangDong Province, P.R.C.
Tel: 86-0755-7764963    Fax: 86-755-8100619
E-Mail: strongcorp@sina.com
Website: http://www.strongcorp.net

TO:Amadi Nwokocha
VinamGlobal
1-410-2965404

FROM : Strongcorp ELECTRONIC

## PROFOMA   INVOICE

DATE: 2004-10-9

INVOICE NO. STIN-967

| Description | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Safe guard | 5,000 | US$0.04 | US$200.00 |
| antenna booster | 5,000 | US$0.03 | US$150.00 |
| Transparent case w/swivel clip | ·500 | US$0.15 | US$75.00 |
| Genuine zipper Leather case w/swivel clip | 500 | US$0.46 | US$230.00 |
| Emergency charger | 500 | US$0.45 | US$225.00 |
| USB Chargers | 500 | US$0.85 | US$425.00 |
| Portable handsfree for connector (with blister pack) | 500 | US$1.58 | US$790.00 |
| AC travel charger | 200 | US$0.70 | US$140.00 |
| Handsfree car kit (4 in 1) · | 50 | US$3.18 | US$159.00 |
| Universal handsfree car kit | 50 | US$4.50 | US$225.00 |
| Handsfree kit w/FM radio w/Blister | 50 | US$2.15 | US$107.50 |
| Universal car charger | 200 | US$0.50 | US$100.00 |
| Shipping cost by FEDEX | 175kgs | US$7.50 | US$1,312.50 |

TOTAL:                                      US$4,139.00

*(handwritten margin notes)*
E100; 82SC; 310c:
E 350/C330; T18i
T72c

1.200PS
No adapters
One single adapter
European

SAY TOTALLY USD FOUR THOUSAND ONE HUNDRED AND THIRTY NINE DOLLARS ONLY!

1. Delivery : 10 days after received the payment .
2. Payment : 100% T/T in advance .

BANK: Standard Chartered Bank ShenZhen Br.
Swift Code: SCBLCNSXSHZ
A/C Name : Strongcorp electronic products  co.,ltd.
A/c number : 4543580411

Strongcorp Electronic Products Co., LTD.

**MECU**

Municipal Employees Credit Union of Baltimore, Inc.
401 E. Fayette Street, Baltimore MD 2120
Tel: (410) 752-8313 Fax: (410) 223-4044 Attn: Operations

## REQUEST FOR WIRE TRANSFER

Date: 10/15/04                                      Time of Request: 10:40 am

Amount of Wire: TWO THOUSAND, EIGHT HUNDRED AND TWENTY SIX DOLLARS, 50/100 CENTS
(In U.S. Dollars)

Member's Name: AMADI NWOKOCHA          Telephone Number: 443-413-2346

Member's MECU Account# 359866          Type of Account: CHECKING

Member's Address: 11 ASTRO COURT, BALTIMORE, MD 21234

Driver's License Number: N-220-066-001-268

### INFORMATION ON RECEIVING BANK

Bank's Name: STANDARD CHARTERED BANK          Telegraph Name _____

Bank's Address: SHENZHEN BRANCH CHINA

Bank's ABA # (Routing and Transit #): SCBLCNSXSHZ

### ACCOUNT INFORMATION AT RECEIVING BANK

Account Name(s): STRONGCORP ELECTRONIC PRODUCTS CO. LTD

Account Number: 4543550411

Beneficiary's Address: LONGHUA INDUSTRIAL ZONE LONGHUA TOWN, SHENZHEN CITY
GUANGDONG PROVINCE, CHINA

Any Special Instructions

I hereby request the Municipal Employees Credit Union of Baltimore, Inc. to charge my account as listed above for the amount of the wire and the wire fee. I understand that MECU is not responsible for any loss which may be sustained by acting upon my wire transfer instructions, except for a loss caused by MECU's error or omission; that recalled funds will be credited to my account only after the funds have been returned to MECU and that tracer requests (at my expense) on overseas wires will be accepted after a fifteen (15) day period has elapsed.

Payment instructions identifying a beneficiary (receiver) by name and account number may be settle by account number, even if the name does not correspond to that account.

Payment instructions identifying an intermediary of beneficiary's bank by bank name and routing and transit number may settle by number, even if the name does not correspond to that number.

Member's Signature _____          10/15/04
                                              Date

### FOR MECU PERSONNEL USE ONLY:

MSR/TELLER# _____    SUPERV. APPR _____

Date & Time Received in Wire Department _____

MECU Employee Initialing Wire _____

Call Back Date _____          Identifying Information _____

Time _____

OFAC Checked? (attach documents) Yes ☐    No ☐

Wire Verified by: _____          Wire Sent By: _____



 **(Hong Kong) Limited**

Unit 1108 - 10, 11/F, Golden Era Plaza, 39-55 Sai Yee Street, Mong Kok, HK

Telephone : 852-2781 2396                                      Fax : 852-2781 2316

## INVOICE

SOLD TO : Vinamglobal
11 Astro Court
Baltimore MD 21234

Attn :    Amadi

Tel :    443 413 2346    Fax :

| Invoice No. | : | JI-05101918-VG |
|---|---|---|
| Date | : | 18-Oct-05 |
| Customer Code : | | VG |
| Payment Term : | | C.O.D |

| Item | Descriptions | | Unit Price | Qty. | | Total |
|---|---|---|---|---|---|---|
| DOCK-TR650-1 | TREO650 DOCK | HS 85044090 | 7.30 USD | 200 | PC(S) | 1,460.00 USD |
| SHIPPING FEE | UPS SHIPPING FEE | | 255.00 USD | 1 | PC(S) | 255.00 USD |
| | SAY US DOLLARS ONE THOUSAND SEVEN HUNDRED AND FIFTEEN ONLY. | | | | | |

| | |
|---|---|
| **Total :** | 1,715.00 USD |
| **Deposit :** | 0.00 USD |
| **Balance :** | 1,715.00 USD |

JP'S (HK) Limited

A separate receipt will be issued upon payment received
Kindly remit the amount by a crossed cheque payable to
" JP'S (HK) Limited " .

Customer's Sign & Chop          Issued By          E.& O. E.

**Bank of America**

**Funds Transfer Request and Authorization**

**Section I: Requester/Originator Information**

Name: AMADI NWOKOCHA

Telephone #: 443-413-2346

Date Wire to be Sent: 10/24/05

Address: 18 WHITE LAUREL CT

City: BALTIMORE    State: MD    Zip: 21220

Customer ID Type: Md. Lec
BOA VISA

| ID# | Issue State/Country | Issue Date | Expiration Date |
|---|---|---|---|
| 1. N220-066-001-268 | 1. md. | 1. 3/4/03 | 1. 4/5/08 |
| 2. N/A | 2. N/A | 2. N/A | 2. N/A |

**Section II: Associate Accepting Wire**

Associate Name: Darlene Jones    Unit #/Work Phone #: 358/410-675-7855    Date: 10/24/05    Time: 0:10    Mailcode: Md4-501-01-01

Callback Required if Phone, Fax or Letter ☐ Yes ☑ N/A    Name of Person Contacted    Date/Time    Market Approval (if required)

Callback Completed by:

**Section III: Transfer Payment Instructions (Domestic and US Dollar International only)**

Amount of Wire: 1715.00

Debit Account Type (circle one): (CHKG) SAV ICA GL

Serial # (For ICA/GL) or Repetitive ID#

Source: ☑ OTC ☐ Fax ☐ Phone ☐ Letter

Account to Debit: 003937274744    State: MD    Available Balance: $1790.69    Account Title: Vinamglobal

Overdraft Amount    Overdraft Approved by (Name & Signature)    Date    Wire Fee $

**Section IV: Transfer Payment Instructions (Foreign Currency International only)**

USD Amount of Wire    Country    Rate    Foreign Currency Amount    FX Reference ID (if applicable)

Debit Account Type (circle one): CHKG SAV ICA GL

Serial # (For ICA/GL) or Repetitive ID#

Source: ☐ OTC ☐ Fax ☐ Phone ☐ Letter

Account to Debit    State    Available Balance $    Account Title

Overdraft Amount    Overdraft Approved by (Name & Signature)    Date    Wire Fee $

**Section V: Wire Information**

Beneficiary Name: JPS (Hong Kong) LTD    Beneficiary Account #: 534-517909-001

Beneficiary Address: Street    City: Meng. Kok    State    Country: Hong Kong    Zip

Beneficiary Bank Name: The Hong Kong Shanghai Banking    City    ABA #/Swift #: HSBCHKHHHKH    State    Country    Zip

Beneficiary Bank Address (if available): Street

Additional Instructions (Attention To, Phone Advise, Customer Reference, Contact Upon Arrival)

Send Thru Bank (if available)    ABA #/Swift #

Send Thru Bank Address    Street    City    State    Country    Zip

**Section VI: Customer Approval**

I authorize Bank of America to transfer my funds as set forth in the instructions noted herein (including debiting my account if applicable), and agree that such transfer of funds is subject to the Bank of America standard transfer agreement (see reverse side) and applicable fees.

Customer's Signature:    Date of Request: 10/24/05

**Section VII: Wire System Entry/Approval**    BAT Approval Authorization # (if applicable)

Wire Entered by: Name/Signature (attach BFT screens 3 & 4)

Print: Darlene Jones    Signature:    BFT System Time: 13.21.35    BFT Sequence #: 0105/1024005230

Date of Entry and Approval    Approved By (Name/Signature)    BFT System Time